VOORHIES *v.* JUDGE OF RECORDER'S COURT.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — SERVICE NOT LIMITED TO DAYTIME.

Because the earlier statutes in this State relating to the issuance of search warrants limited service to the daytime unless cause was shown and authority granted in the warrant to search in the nighttime, it does not follow that the legislature may not omit the restriction, or that, when in fact omitted, it is to be added by the court as a part of the law.

2. SAME—INTOXICATING LIQUOR—CRIMINAL LAW—STATUTES—CONSTRUCTION—IN PARI MATERIA.

Act No. 338, Pub. Acts 1917, as amended by Act No. 99, Pub. Acts 1921, relating to prohibition of the liquor business, being clear and unambiguous and containing no provision limiting service of search warrants issued thereunder to the daytime, none will be read into it by the court, nor may the rule *in pari materia* be invoked for the purpose of adding said restriction which was omitted by the legislature.

3. SAME—CONSTITUTIONAL LAW—UNREASONABLE SEARCH.

Said act is not unconstitutional, as violating the inhibition against unreasonable search, because service of search warrants is not limited therein to daytime.

4. SAME—SERVICE OF SEARCH WARRANT SHOULD BE SPEEDY—DELAY —REASONABLENESS.

While the execution of a search warrant should speedily follow its issuance, it cannot be said that the search was illegal where the warrant was issued in the forenoon and served about 11 o'clock that night.

Mandamus by Paul W. Voorhies, prosecuting attorney of Wayne county, to compel John Faust, judge of the recorder's court of Detroit, to vacate an order discharging certain prisoners upon preliminary ex-

amination.   Submitted August 22, 1922.   (Calendar No. 30,122.)   Writ granted October 2, 1922.

*Paul W. Voorhies, in pro. per.,* and *W. McKay Skillman,* Assistant Prosecuting Attorney, for plaintiff.

*Percy W. Grose* and *Howard H. Colby,* for defendant.

MOORE, J.   The recorder held that a search warrant duly issued under Act No. 338, Pub. Acts 1917, as amended by Act No. 99, Pub. Acts 1921, could not be executed in the nighttime, and upon the preliminary examination of two persons charged with violation of the liquor law, refused to consider the evidence procured under the search warrant and discharged the accused.   We are asked to issue the writ of mandamus directing the recorder to reinstate the case and proceed with the examination.

The search warrant was issued during the forenoon of November 21, 1921, and the officer made the search about 11 o'clock that night.   It is urged in support of the holding of the recorder that all of the statutes of this State authorizing the issuance of search warrants fall within the doctrine, *in pari materia,* and, as some of them limit search to the daytime unless special cause is shown and authority granted in the warrant to search in the nighttime, all search warrants should be held to be governed by the policy of execution only in the daytime.

The statute under which the search warrant was issued contains no provision limiting service to the daytime, and the attorney for the people insists that the search was rightfully made in the nighttime. The legislative purpose, as expressed in some of the earlier acts, limiting service of search warrants to the daytime, unless specially authorized otherwise, is easy of comprehension to one familiar with the history of

such warrants, but it does not follow that the legislature may not omit the restriction, or that, when in fact omitted, it is to be added by the court as a part of the law.

At early common law the writ only issued to search for stolen goods and its execution seems to have been limited to the daytime. The purpose and province of the writ has expanded under legislative enactments to effect adequate enforcement of the criminal law, and we may not go to old enactments for a curb upon a later one, so long as such later statute is clear and unambiguous and without limitation to execution in the daytime. There seems to be nothing ambiguous about this statute. To grasp its clear meaning we are not driven to examine the policy underlying or expressed in previous statutes authorizing search warrants.

The rule, *in pari materia,* cannot be invoked here for the reason that the language of the statute is clear and unambiguous. As was said in *Schaeffer* v. *Burnett,* 221 Ill. 315 (77 N. E. 546) :

"In the construction of statutes it is within the province of courts to determine, from the words used, what was intended by the legislature, and in so doing, resort may be had to former and other existing laws; but where the language is clear and unambiguous, and there is no room for construction, no duty devolves upon courts to determine or speculate as to the motives impelling legislative action. Whether or not a statute is productive of injustice, inconvenience, is unnecessary, or otherwise, are questions with which courts, as such, have no concern."

The rule, *in pari materia,* does not permit the use of a previous statute to control by way of former policy the plain language of a subsequent statute; much less to add a condition or restriction thereto found in the earlier statute and left out of the later one. The contention made, if allowed, would go be-

yond the construction of the statute, and engraft upon its provisions a restriction which the legislature might have added but left out. The fact that in some previous statutes the legislature confined execution to the daytime, except upon a showing and express authority in the warrant to execute the same in the nighttime, discloses no settled policy binding upon subsequent legislative enactments. Neither does the policy of the common law permit us to place the restriction contended for in the statute. We are dealing here with statutory authority and not process under the common law.

In *Commonwealth* v. *Hinds*, 145 Mass. 182 (13 N. E. 397), the question here presented was before the court, and upon consideration of earlier statutes of that State limiting the execution of search warrants to the daytime, and the claim that a subsequent statute authorizing a search warrant without limitation as to the hour of the day should be executed only in the daytime, the court said:

"The general rule is, that process, civil or criminal, can be as well served in the nighttime as in the daytime; and a direction in a warrant to serve it, without limitation as to the hour of the day, is a direction to serve it in the nighttime as much as in the daytime. The intention of the legislature to authorize the execution of the warrant in the nighttime is shown by providing for and by prescribing a direction in the warrant which includes that, instead of the direction to search in the daytime, which it required in the ordinary search warrant."

It is claimed that it is unreasonable to execute a search warrant in the nighttime and so recognized at common law, and in earlier statutes in this State, except when specially authorized. If execution of a search warrant in the nighttime falls within the terms of unreasonable search, prohibited by the Constitution, then, of course, no statute could authorize such execu-

tion. The provision in some of the statutes expressly permitting execution of search warrants in the nighttime does not violate the constitutional prohibition against unreasonable searches and seizures, neither does a statute not limiting search to the daytime so offend.

It is also claimed the search was illegal because made in the nighttime under a warrant issued in the daytime at a period of the day when it might have been executed in the daytime. It is true that execution of a search warrant should speedily follow its issuance, but we discover no good reason for holding the point well taken in this instance. The learned recorder was in error in his holding and he is directed to reinstate the case and proceed with the examination.

The writ will issue, but without costs.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.