PEOPLE, *ex rel.* PELLOW, *v.* BYRNE.

1. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL CODE—FOURTH CLASS CITIES—THIRD CLASS SCHOOL DISTRICTS.

   School district which had operated as school district for city of the fourth class prior to effective date of amendment to school code *held,* under record presented, to have been constituted and to have functioned as school district of the third class thereafter, notwithstanding matter was not submitted to a referendum vote of the school electors which was unnecessary under the circumstances, and, before defendant's election there were only six members on board of education (Comp. Laws 1929, §§ 2184–2203, 7219, 7224).

2. STATUTES—IN PARI MATERIA.

   In construing statutes the rule *in pari materia* does not permit the use of a previous statute to control by way of former policy the plain language of a subsequent statute nor to add thereto a condition or restriction found in the earlier statute and left out of the later one.

3. SCHOOLS AND SCHOOL DISTRICTS—NOTICE OF ELECTION—VACANCIES.

   In *quo warranto* proceedings to test right of defendant to office of seventh member of board of education of third class school district, her election *held,* valid, notwithstanding only a comparatively small number of electors voted by ballots bearing slips for her for regular four-year term, notices of election did not carry her name as candidate for any term nor that there was such a vacancy to be filled, where election was the regular annual election provided by law, electors were chargeable with knowledge as a matter of law that there was an occasion for electing another member and no other candidate was voted on for that term (2 Comp. Laws 1929, §§ 7219, 7224, 7355, 7449).

(284)

4. ELECTIONS—NOTICE—IMPERFECTION.

> Failure of a clerk to do a ministerial act incident to the calling or notice of an election will not ordinarily nullify or render invalid the results of such election (2 Comp. Laws 1929, § 7449).

Appeal from Gogebic; Driscoll (George O.), J. Submitted February 23, 1935. (Docket No. 160, Calendar No. 38,094.)   Decided June 4, 1935.

*Quo warranto* proceedings by the people of the State of Michigan, on the relation of William F. Pellow, Prosecuting Attorney, against Honora Byrne to try title to the office of trustee of the board of education of the school district of the city of Bessemer.   Judgment for defendant.   Plaintiff appeals. Affirmed.

*William F. Pellow,* Prosecuting Attorney, for plaintiff.

*William S. Baird,* for defendant.

*Harry S. Toy,* Attorney General, *Arthur E. Kidder* and *Edmund E. Shepherd,* Assistants Attorney General, *amici curiæ.*

NORTH, J.   This is a *quo warranto* proceeding to test the right of the defendant, Honora Byrne, to the office of trustee of the board of education of the school district of the city of Bessemer, Gogebic county, Michigan.   Upon hearing in the circuit court it was determined that the defendant had "been duly elected to the office of trustee of said district," and judgment was entered accordingly.   Plaintiff has appealed.

Two questions are presented for review:

First.   Is this school district one of the third class or one of the fourth class?

Second.    If it is a third class district, was the defendant legally elected a member of the Bessemer board of education?

It is the contention of appellant that the school district is of the fourth class.    If it is a district of the fourth class its board of education should consist of six members only.  1 Comp. Laws 1929, § 2185. The defendant was elected and claims the right to hold office on the theory that this is a third class district and the board consists of seven members.    2 Comp. Laws 1929, § 7224.    Therefore it becomes necessary to determine whether this is a third class district or a fourth class district.

For many years preceding the effective date of Act No. 319, Pub. Acts 1927 (Michigan school code), as amended by Act No. 244, Pub. Acts 1929 (2 Comp. Laws 1929, § 7094 *et seq.*) the school district of the city of Bessemer was a fourth class district as provided by Act No. 215, chap. 32, Pub. Acts 1895, as amended (1 Comp. Laws 1929, §§ 2184–2203).    It is the claim of appellant that even subsequent to the enactment of the school code of 1927 this district continued to operate as a fourth class district.    On the other hand it is appellee's contention that in the main, but with some rather minor exceptions, it functioned as a third class district after the effective date of Act No. 319, Pub. Acts 1927, as amended by Act No. 244, Pub. Acts 1929.    We quote from appellee's brief:

"Nor can it be said that the situation created by the amendment of 1929 fails to operate to change the status of the school district because of any failure to properly organize or proceed under the school code. The district did in fact so organize and proceed in many ways.    It changed the date for holding its annual meeting, registered its electors, divided the dis-

trict into election precincts, changed the name of the district to conform with the school code and issued bonds as a third class district.''

In behalf of appellant it is pointed out that subsequent to the effective date of the 1929 amendment the district until 1933 continued to operate with only six members of its board of education as the law provides for fourth class districts, instead of having a board consisting of seven members as provided in the school code for third class districts; that for the years 1927 to 1933, inclusive, the reports of this district filed with the State superintendent of public instruction set forth that it ''was operating pursuant to the provisions of the fourth class cities act and that the board of education was composed of six members;'' and that certain members of the board of education of this district testified that it continued to operate as a fourth class district after the effective date of Act No. 244, Pub. Acts 1929.   It would serve no purpose to detail the testimony pro and con relative to these conflicting contentions.  Our review of the record satisfies us that this district had become and in the main was functioning as a third class district subsequent to the effective date of the act last above noted.

We are not in accord with appellant's contention that notwithstanding the provisions of Act No. 244, Pub. Acts 1929 (1 Comp. Laws 1929, §§ 2184–2203), this district could not and did not change from a fourth class district to a third class district because the question of whether it should do so was not submitted to a referendum vote of the school electors. As noted above this district was organized and operated under Act No. 215, Pub. Acts 1895, prior to the time the legislature passed Act No. 244, Pub. Acts 1929.   This latter act in part 1, chap. 6, § 1 (2 Comp. Laws 1929, § 7219), provides:

"Each school district organized and operating under chapter thirty-two of act number two hundred fifteen of the public acts of eighteen hundred ninety-five, as amended, regardless of population   *   *   * shall constitute and continue to be a school district under this chapter."

We are not here concerned with the slight amendment to this section made by Act No. 54, Pub. Acts 1931. The foregoing is quoted from part 1, chap. 6, § 1, of the school code; and this chapter 6 of part 1 pertains to and is entitled "school districts of the third class." By the enactment just above quoted the legislature constituted this district one of the third class. The circuit judge properly so held. The following rule of statutory construction is particularly applicable as against appellant's contention:

"The rule, *in pari materia,* does not permit the use of a previous statute to control by way of former policy the plain language of a subsequent statute; much less to add a condition or restriction thereto found in the earlier statute and left out of the later one." *Voorhies* v. *Judge of Recorder's Court,* 220 Mich. 155 (27 A. L. R. 706).

In connection with the phase of the school law above considered, it may be noted that the legislature by Act No. 54, Pub. Acts 1931, amended section 18 of chapter 6 of part 1; and provided for a referendum vote of the school electors. But the amendatory act of 1931 contains no provision which nullifies or modifies that portion of Act No. 244, Pub. Acts 1929, last above quoted.

The remaining contention of appellant is that Mrs. Byrne, defendant herein, was not legally elected. If, as we hold, this school district became one of the third class on May 22, 1929 (the date Act No. 244, Pub. Acts 1929, became effective), then at the 1929 annual school election an additional member of the Bessemer board of education for a four-year term

should have been elected, thus providing the statu-
tory seven-member board.   2 Comp. Laws 1929,
§§ 7224, 7355.  This was not done.  As a result there
was a vacancy in what may be termed the seventh
member of the board for a period of four years, from
1929 to 1933.  At the regular annual school election
of 1933 a comparatively small number of school
electors cast ballots bearing slips for defendant for a
four-year term.   No other candidate for the four-
year term was voted for, and defendant was declared
elected for that term.   At the same election there
were six candidates named in the notice of election
for the three-year term, for which term two were
elected; and because of vacancy, there were three
candidates named in the notice of election for a one-
year term, for which one was elected.

In support of the claim that Mrs. Byrne was not
legally elected appellant stresses that the notice
given of this election failed to comply with the stat-
ute (2 Comp. Laws 1929, § 7449), in that defendant
was not named as a candidate, and further that:
"The notices of election conveyed no information to
the electors of such an alleged vacancy."   In the
instant case the force of the objections urged must
be considered in the light of the fact that the record
contains no testimony indicative of any fraud or
trickery on the part of the school officers or election
officials or of an attempt to mislead or deceive the
electors.   We must also be mindful that this was not
a special election, but instead the regular annual
school election; and defendant was seeking election
for a full term; and this election was held at the time
and in the manner provided by law, of which the elec-
tors were bound to take notice.

"Electors are supposed to know what officers are
to be elected at a general election, and, if in doubt,
can readily inform themselves.  The design of the
notice is to remind them of their duty to the public.

It is in no way connected with the elector's right to the elective franchise; nor is it a condition precedent to be performed by another to entitle him to exercise the right. There is a material difference, it is said, between an election for a full term and to fill a vacancy." *People* v. *Hartwell,* 12 Mich. 508, 524 (86 Am. Dec. 70).

Also the school electors were chargeable as a matter of law with knowledge that there was an occasion for electing another member of the board of education caused by failure to have theretofore elected a so-called seventh member of the board. Under the facts presented by this record the defendant should not be deprived of her right to this office by reason of the fact that the secretary of the board of education did not include her name in the notice given of this election as provided in the statute. 2 Comp. Laws 1929, § 7449. The failure of a clerk to do a ministerial act incident to the calling or notice of an election will not ordinarily nullify or render invalid the results of such election. *Newberry* v. *Starr,* 247 Mich. 404. The record does not disclose whether Mrs. Byrne was a candidate for election at the time the notices were posted or published. It does appear that no petitions were filed for any candidate to be voted upon for the four-year term. We find nothing in appellant's reasons above noted, or in appellant's other reasons which have been duly considered, that would justify holding defendant's election as a member of the board of education was illegal. Instead, she has established her right to hold the office.

The judgment entered in the circuit court is affirmed; but, since the matter is one of public consequence, no costs will be awarded.

Potter, C. J., and Nelson Sharpe, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.