OLD ORCHARD BY THE BAY ASSOCIATES v HAMILTON
MUTUAL INSURANCE COMPANY

Docket No. 82516. Argued January 4, 1989 (Calendar No. 3). Decided
   March 20, 1990.

Old Orchard by the Bay Associates brought an action in 1978 in
   the Oakland Circuit Court against Hamilton Mutual Insurance
   Company, alleging that it was liable under a surety bond for
   latent defects relating to the construction of an apartment
   project owned by Old Orchard. In 1981, following discovery and
   mediation, the parties, by stipulated order, voluntarily submit-
   ted their entire dispute to statutory arbitration. In 1985, the
   arbitration tribunal entered an award for the plaintiff, comput-
   ing interest from the date of the filing of the circuit court
   complaint at the statutory judgment rate pursuant to MCL
   600.6013; MSA 27A.6013. Hamilton Mutual claimed that the
   arbitrators erred in awarding interest other than that allowa-
   ble under the prejudgment interest statute, MCL 438.7; MSA
   19.4, from the date of the arbitration award. The court, Fred-
   erick C. Ziem, J., confirmed the award, including the award of
   interest. The Court of Appeals, DANHOF, C.J., and J. P. SWAL-
   LOW, J. (MACKENZIE, J., dissenting in part), held in an unpub-
   lished opinion per curiam that MCL 438.7; MSA 19.4 should
   have been applied (Docket No. 93161). The plaintiff appeals.

   In an opinion by Justice CAVANAGH, joined by Chief Justice
   RILEY and Justices BRICKLEY, BOYLE, and ARCHER, the Supreme
   Court held:

   Where the parties to a contract dispute have no agreement to
   arbitrate and do not later stipulate to an interest entitlement
   or rate, and the original action is not dismissed, statutory
   interest may be awarded on the judgment from the date of the
   filing of the complaint until the judgment is entered, and such
   interest also may be awarded thereafter until the judgment is
   paid, as provided in MCL 600.6013; MSA 27A.6013.

   1. Two statutes potentially govern the awarding of interest

REFERENCES

Am Jur 2d, Interest and Usury §§ 73, 74.
See the Index to Annotations under Arbitration and Award; Con-
   tracts; Judgments, Orders, and Decrees; Prejudgment Interest.

to the prevailing party in any contractual dispute. MCL 438.7; MSA 19.4 authorizes the awarding of interest where the parties fail to agree on the matter of entitlement to interest. It applies to specified types of disputes founded on a contract that are resolved less formally by verdict, reports of referees, award of arbitrators, or by any other mode of assessment according to law. Statutory interest accrues from the date of the award until payment or judgment is rendered. MCL 600.6013; MSA 27A.6013 authorizes the payment of interest on all money judgments awarded in civil actions and is mandatory, although the parties may vary the applicable interest rate within certain parameters. The statutory interest provision that applies in a given action is a purely legal question to be resolved by statutory interpretation, except where the parties stipulate to an interest schedule or otherwise agree on the matter of interest as part of their arbitration agreement. In this case, the Court of Appeals erred in holding that interest on an arbitration award in an action founded on a contract is governed by MCL 438.7; MSA 19.4. The rationale for awarding statutory interest under MCL 600.6013; MSA 27A.6013 is primarily to compensate the prevailing party for loss of the use of the funds awarded as a money judgment, as well as to offset the costs of bringing a court action, and to provide an incentive for prompt settlement.

2. Given the broad statutory definition of a civil action and the parties stipulation to arbitrate made in the context of a properly filed lawsuit, the judgment in favor of the plaintiff was made pursuant to a civil action. The trial court's order confirming the arbitration award was preceded by a complaint and ended in a money judgment. This is not a case where the money judgment rendered was not made by a court or lacked the procedural attributes of a civil action. Nor is it a case in which an action was brought solely to obtain a judgment confirming an award. Rather, the parties chose to arbitrate only after the filing of the complaint. MCL 600.6013; MSA 27A.6013 does not apply to money judgments which are ordered as the result of contractually agreed upon means of dispute resolution which a court lacks the power to alter. In this case, when the complaint was filed, the trial court clearly had jurisdiction to decide the contract claim presented to it. By stipulating that the court would retain jurisdiction over the dispute, the parties clearly consented to allow the court to enter judgment confirming the arbitrator's award.

3. As applied to the facts of this case, the statutes are in irreconcilable conflict. Under the rules of statutory interpreta-

tion, prejudgment interest must be awarded on the basis of MCL 600.6013; MSA 27A.6013. The rule of construction in pari materia does not apply. The Revised Judicature Act authorization for prejudgment interest is remedial in nature and is to be liberally construed. The policy of encouraging arbitration is in no way frustrated by the award of a higher rate of interest at an earlier point in the litigation under MCL 600.6013; MSA 27A.6013. The parties have some flexibility in specifying the appropriate rate of prejudgment interest.

4. The 1965 amendment of MCL 600.6013; MSA 27A.6013 repeals MCL 438.7; MSA 19.4 by necessary implication to the extent that the two interest statutes are in conflict. MCL 600.6013; MSA 27A.6013 repeals that part of MCL 438.7; MSA 19.4 providing for prejudgment interest, in the interval between liquidation or ascertainment of the amount owed and either payment of or judgment on that amount in actions founded on contracts commenced by filing a complaint with a court, i.e., civil contract actions.

Justice LEVIN, concurring, stated that the arbitrators did not exceed their authority in including in the award interest, computed as provided in MCL 600.6013; MSA 27A.6013, from the date the complaint was filed. While the parties did not specifically agree on whether interest was to be added to the award, they agreed, in submitting the dispute to arbitration, to confer on the arbitrators the power to decide whether, as a matter of contract rather than statutory interpretation, interest would be added to an award. The question whether interest should be awarded is one for the arbitrators, and not the Supreme Court, to decide.

Justice GRIFFIN, concurring in the result, stated that because the issue is not before the Court, no decision should be made regarding cases in which arbitrators do not include or provide for interest as part of an award.

Reversed and remanded.

INTEREST — MONEY JUDGMENT — CONTRACT — CIVIL ACTION — ARBITRATION.

Where the parties to a contract dispute have no agreement to arbitrate, and do not later stipulate to an interest entitlement or rate, and the original action is not dismissed, statutory interest may be awarded on the judgment from the date of the filing of the complaint until the judgment is entered, and such interest also may be awarded thereafter until the judgment is paid (MCL 600.6013; MSA 27A.6013).

*Dykema Gossett* (by *W. A. Steiner, Jr.*, and *Thomas W. B. Porter*) for the plaintiff.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Jimm F. White* and *Peter A. Jackson*) for the defendant.

CAVANAGH, J.

I

This litigation arises out of a construction contract dispute between a property owner, plaintiff, and its general contractor's surety, defendant. The plaintiff, Old Orchard by the Bay Associates, filed a complaint on February 10, 1978, in Oakland Circuit Court, alleging that defendant, Hamilton Mutual Insurance Company, was liable under a surety bond for latent defects relating to the construction of an apartment project which Old Orchard owns. The litigation was pending for three years, during which time the parties commenced discovery, and in 1980 the case was mediated.

By a stipulated order filed February 6, 1981, Old Orchard and Hamilton Mutual voluntarily submitted their entire dispute to statutory arbitration.[1] The arbitration proceedings, including extensive

---

[1] The stipulation read in part as follows:

This matter is being submitted for resolution by arbitration in accordance with the Construction Industry Rules of the American Arbitration Association. . . . Any award entered into in the aforesaid arbitration may be entered as a judgment in this Court and this Court has retained jurisdiction for the purpose of enforcing any such award.  .

The terms of this stipulation conform the arbitration agreement to the requirements of statutory arbitration set forth in MCR 3.602(A), citing MCL 600.5001-600.5040; MSA 27A.5001-27A.5040. Such an agreement to arbitrate, generally, is revocable only by the mutual consent of the parties. MCL 600.5011; MSA 27A.5011. Upon the making of this agreement, the trial court had jurisdiction to enforce its terms and to render judgment on the award thereunder. MCL 600.5025; MSA 27A.5025.

evidentiary hearings, took place throughout 1985.[2] On December 6, 1985, five years after the execution of the arbitration agreement, the Commercial Arbitration Tribunal entered an award of $300,000, plus statutory interest, in favor of plaintiff.[3]

The arbitrator's interest award to Old Orchard was computed from the date of the filing of the circuit court complaint at the statutory judgment rate, MCL 600.6013; MSA 27A.6013. Subsequently, defendant Hamilton Mutual filed several motions, including a claim that the arbitrators erred in awarding interest other than that allowable under the prejudgment interest statute, MCL 438.7; MSA 19.4, from the date of the arbitration award. The trial court confirmed the award in all respects on May 21, 1986, including confirmation of the award of interest at the statutory judgment rate.

Defendant Hamilton Mutual appealed on several issues. The Court of Appeals, in an unpublished opinion, affirmed on all issues, except as to the interest award. In a split decision, the Court of Appeals held that MCL 438.7; MSA 19.4 should

[2] Defendant Hamilton Mutual filed a motion on January 30, 1985, for summary judgment and to dismiss the arbitration. The motion was denied by the lower court without prejudice, pending completion of arbitration, on March 18, 1985.

[3] Several additional facts, though not directly relevant, must be stated to give a complete picture of the nature of the instant lawsuit.

F & T Contractors, the principal, filed suit against plaintiff on November 11, 1976, alleging that $639,949.43 was still owed on the construction contract. Later, F & T's net claim was reduced to $331,-800. After being sued by F & T, plaintiff sued defendant for $390,000 in the instant suit which was filed after F & T's claim against plaintiff.

Finally, under a consent judgment entered into between F & T and plaintiff, plaintiff became obligated to pursue arbitration with the instant defendant, Hamilton Mutual. According to that consent agreement, plaintiff must pay to F & T sixty percent of the remainder of any monetary recovery which might be obtained through the arbitration proceeding, less expenses not to exceed $30,000, as a full settlement of F & T's claims against plaintiff.

have been applied, allowing for an award of five percent annual interest from the date of the 1985 arbitration award.[4]

We granted the plaintiff's application for leave to appeal, while denying the defendant's application for leave to appeal as cross-appellant.[5] 430 Mich 891 (1988). The defendant claims that the plaintiff is entitled to interest only from the date of the arbitration award at a five percent annual rate under MCL 438.7; MSA 19.4. We reject that argument and reverse the decision of the Court of Appeals on the interest issue and hold as follows: (1) where the parties to a contract dispute have no agreement to arbitrate, and (2) do not later stipulate to an interest entitlement or rate (assuming the original action is not dismissed),[6] (3)(a) statutory interest is awardable on the judgment from the date of the filing of the complaint until the judgment is entered, and (b) such interest is also awardable thereafter until the judgment is paid, as provided in MCL 600.6013; MSA 27A.6013.

II

Before discussing the merits, the relevant statu-

---

[4] Judge MACKENZIE dissented and would have affirmed the trial court on all issues, including the interest award.

[5] The plaintiff framed its application in terms of two distinct issues:

> Issue I: Is the Court of Appeals clearly erroneous in holding that a plaintiff, having filed suit, forfeits its right to prejudgment interest under MCL 600.6013 [MSA 27A.6013] by later entering into a voluntary stipulation with the defendant to submit their entire dispute to arbitration?

> Issue II: Will the Court of Appeals' ruling cause material injustice if permitted to stand where it contravenes the legislative policies to encourage arbitration and to ensure fair compensation for prevailing plaintiffs?

[6] See n 22.

tory provisions are set forth briefly. Two statutes potentially govern the award of interest to the prevailing party in any contractual dispute. MCL 438.7; MSA 19.4 authorizes the award of interest where the parties fail to agree on the matter of entitlement to interest in an action. It applies to specified types of disputes founded on a contract that are resolved less formally "by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court or by any other mode of assessment according to law . . . ." Statutory interest under MCL 438.7; MSA 19.4 accrues *from the date of the award until payment or judgment is rendered thereupon.*[7]

MCL 600.6013; MSA 27A.6013 authorizes the payment of interest on all money judgments awarded in "civil actions."[8] The award of such

---

[7] MCL 438.7; MSA 19.4 provides:

In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court or by any other mode of assessment according to law, it shall be lawful, unless such verdict, report, award, or assessment shall be set aside, to allow and receive interest upon such amount so ascertained or liquidated, until payment thereof, or until judgment shall be thereupon rendered; and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment.

[8] MCL 600.6013; MSA 27A.6013 provides:

(1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section . . . .
(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980, at the rate of 6% per year and on and after June 1, 1980, to the date of satisfaction of the judgment at the rate of 12% per year compounded annually.

statutory judgment interest under MCL 600.6013; MSA 27A.6013 is mandatory, although the parties may vary the applicable interest rate within certain parameters.[9]

### III

The statutory interest provision that applies in a given action is a purely legal question to be resolved by means of statutory interpretation, except where the parties stipulate to an interest schedule or otherwise agree on the matter of interest as part of their arbitration agreement.[10] The parties in the instant dispute, however, never agreed upon the matter of interest.

Plaintiff Old Orchard alleges that it was error for the Court of Appeals to state as a broad rule that "interest on an arbitration award in an action founded on a contract is governed by MCL 438.7; MSA 19.4."[11] We agree. This conclusion is based on a close examination of both the language and history of the two interest statutes at issue, as well

---

[9] For example, under MCL 600.6013(3); MSA 27A.6013(3), where a complaint is filed before June 1, 1980, judgment interest may vary between six and twelve percent annually until the date judgment is entered, depending on the parties' agreement, if any. But, after the date of judgment, interest may not exceed seven percent (except for the period after judgment which elapses after May 31, 1980, in which case interest may not exceed thirteen percent annually).

See also MCL 600.6013(5); MSA 27A.6013(5), as amended by 1986 PA 178, § 1, effective October 1, 1986.

[10] Where there is a contractual agreement by the parties regarding the entitlement to interest, or the rate of interest to be awarded, in a dispute founded on a contract, the question of interest is one of the intent of the parties. Therefore, since arbitration is primarily a matter of contract, a stipulation entered by the parties, before or after the complaint is filed, specifying the applicable rate of prejudgment or postcomplaint interest, is normally binding.

[11] *Old Orchard by the Bay Associates v Hamilton Mutual Ins Co,* unpublished opinion per curiam, decided January 11, 1988 (Docket No. 93161), slip op, p 8, citing *Western Casualty & Surety Co v Garden City,* 151 Mich App 83, 89; 390 NW2d 687 (1986).

as the purposes that the Legislature sought to accomplish in enacting these provisions.

IV

As this Court stated in *White v Ann Arbor,* 406 Mich 554, 562; 281 NW2d 283 (1979), and *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 478; 208 NW2d 469 (1973), the interpretative task at hand requires the Court to infer legislative intent from the language used in the statute, as well as to consider the statutory language in the context of the special subject matter which it addressed. The meaning of the statute must be viewed "in light of the general purpose sought to be accomplished or the evil sought to be remedied by the constitution or statute." *White, supra* at 562.

The rationale for awarding statutory interest under MCL 600.6013; MSA 27A.6013 is primarily a compensatory one. The Revised Judicature Act interest statute serves the purpose of compensating the prevailing party for loss of the use of the funds awarded as a money judgment, as well as offsetting the costs of bringing a court action. In *Denham v Bedford,* 407 Mich 517, 534-536; 287 NW2d 168 (1980), this Court wrote:

> The Michigan Legislature has dictated that interest should accrue from the date of filing the complaint. . . . [T]he legislative purpose was to compensate the prevailing party for the delay in payment of money damages and to cover the costs of litigation . . . .[12]

The second purpose of awarding judgment inter-

[12] See also *id.* at 532, citing *Waldrop v Rodery,* 34 Mich App 1, 4; 190 NW2d 691 (1971) (LEVIN, J.); *Wood v DAIIE,* 413 Mich 573, 589, n 17; 321 NW2d 653 (1982).

est is to provide an incentive for prompt settlement. See *Gage v Ford Motor Co,* 423 Mich 250, 257; 377 NW2d 709 (1985). The award of statutory prejudgment interest under MCL 600.6013; MSA 27A.6013 in suits to collect on an insurance contract is a useful illustration; in this context, prejudgment interest serves a distinct deterrent function by both encouraging settlement at an earlier time and discouraging a defendant from delaying litigation solely to make payment at a later time. See *Matich v Modern Research Corp,* 430 Mich 1, 12-15; 420 NW2d 67 (1988).

V

In this case, the plaintiff filed a complaint to resolve a contract dispute in the absence of any prior agreement to arbitrate or any agreement on the appropriate interest rate. Is this a "civil action" resulting in a judgment of recovery in the form of "money damages" and therefore governed by the prejudgment interest provisions of MCL 600.6013; MSA 27A.6013? Or, is the plaintiff's recovery more properly considered a "liquidation" or "ascertainment" of debt pursuant to the "award of an arbitrator" and therefore governed by MCL 438.7; MSA 19.4?

Since 1965 there have been two *prejudgment* interest statutes in Michigan, rather than just one. Until recently, the statutory scheme was more orderly.[13] By exploring the history of the two interest statutes, one can see that they share both common purposes as well as common origins.

A summary of the evolution of the two interest statutes which must be interpreted is summarized

---

[13] The historical evolution of these interest statutes, as described above, is discussed in Griffin, *Prejudgment interest in contract actions,* 67 Mich B J 250 (1988).

in the margin.[14] The right to judgment interest originated in an 1827 Michigan territorial statute which created an entitlement to interest from the time a judgment was entered. See 2 Laws of Territory of Michigan, p 491 (1874). In an even earlier statute (an act of 1809), a conventional rate of interest was authorized (at the specific rate of six percent) under any contract—with only a few specified exceptions. (The 1809 act was copied from a Vermont statute, see 4 Laws of Territory of Michigan, pp 61-62 [1884].) Both statutes then appeared together in chapter 6 of the Revised Statutes of 1838.[15]

---

[14] The plaintiff provides a very succinct summary of the history of the two statutes:

Chapter 6 contained nine sections, all addressing the topics of money and interest. Section 3, precursor of MCL 438.31 [MSA 19.15(1)], defined the legal rate of interest (7 percent annually or, if agreed otherwise in writing, up to 10 percent). Section 8, precursor to MCL 600.6013 [MSA 27A.6013], provided for interest on all money judgments or decrees.

Section 9, which has remained substantially unchanged and is now codified as MCL 438.7 [MSA 19.4], complemented section 8 by allowing interest "until judgment" as to debts based on contract. The interest under section 9 accrues from the date the amount of the debt becomes "liquidated or ascertained." The statute recognizes any number of ways by which an amount can become liquidated or ascertained: "by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court, or by any other mode of assessment according to law." . . .

Sections 8 and 9 were never in conflict because the former section covered interest only after the judgment and the latter covered interest only until the judgment. This complementary relationship between the sections continued for more than a century, through several amendments to section 8 and various recodifications, until 1965 PA 240, sec. 1. By that enactment, the Legislature amended the accrual date in MCL 600.6013 [MSA 27A.6013] (the descendant of section 8) so that interest on a judgment would thereafter be "calculated from the date of filing the complaint."

[15] The two sections were published under the same heading—"Title VII, Chapter 6, Of Money of Account, and of the Interest of Money, and on Judgments, Verdicts, &c."—and under the same subheading—

The placement and language of these provisions indicate that they were intended to further a common purpose. Section 8 (now MCL 600.6013; MSA 27A.6013) applied to all actions resolved by means of formal dispute resolution, and § 9 (now MCL 438.7; MSA 19.4) applied to contract-based claims where the amount owed was to be determined by report of referees, award of arbitrators, or by any other mode of assessment according to law. Yet, the purpose of both provisions was the same as is evident from their language and function. The two statutes were coördinated to accomplish the same goal of compensating parties for the loss of the use of funds wrongfully detained for the period when they were due but unpaid.

The subsequent history of the two provisions, prior to 1965, does not alter this conclusion. While these statutory provisions have since been assigned to separate chapters in the Compiled Laws,[16] their language was, until 1965, essentially

"Interest on Judgments, Verdicts, &c." The two statutes, as they appeared in 1838, read as follows:

Sec. 8 Interest may be allowed and received, upon all judgments at law, for the recovery of any sums of money, and upon all decrees in chancery, for the payment of any sums of money, whatever may be the form or cause of action or suit in which such judgment or decree shall be rendered or made; and such interest may be collected on execution. [The predecessor of MCL 600.6013; MSA 27A.6013.]

Sec. 9 In all actions founded on contracts express or implied, wherever in the prosecution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court, or by any other mode of assessment according to law, it shall be lawful, unless such verdict, report, award, or assessment shall be set aside, to allow and receive interest on such account, so ascertained or liquidated, until payment thereof, or until judgment shall thereupon be rendered, and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment.

[16] The 1838 statute was reenacted in 1846, a statute which com-

the same as when originally enacted. MCL 438.7; MSA 19.4, formerly § 9 of the 1838 Revised Statutes, has remained substantively unchanged. (The only minor amendments made to this provision, in 1846, were editorial in nature. See RS 1846, ch 34, § 7.) MCL 600.6013; MSA 27A.6013 also did not undergo any major changes even as it was moved and edited.[17]

Since its amendment in 1965, MCL 600.6013; MSA 27A.6013, however, entitles a prevailing party to prejudgment interest from the filing of the complaint to the entry of a judgment in any civil action. Moreover, the various provisions of MCL 600.6013; MSA 27A.6013 are clearly designed to encourage settlement and to compensate the prevailing party for the value of money wrongfully obtained. See, generally, *Rittenhouse v Erhart,* 424 Mich 166, 190-193; 380 NW2d 440 (1985) (discussion of how MCL 600.6013; MSA 27A.6013, in its present form, as of the 1980 amendments, clearly seeks to further both goals).

Both MCL 600.6013; MSA 27A.6013 and MCL 438.7; MSA 19.4 were enacted by the same Legislature. Given the manner of their enactment and the similar functions that the two statutes have performed for more than a century, the amendment of MCL 600.6013; MSA 27A.6013 in 1965 is

bined together the prior sections that provide for "Interest of Money" (wherein a conventional legal rate of interest is specified) and for judgment and prejudgment interest (the former §§ 8 and 9 of the 1838 statute). The phrase "at the rate of seven per centum per annum" was added to the end of § 6, but otherwise it was reenacted as it appeared in 1838. See 1846 RS, ch 34, § 6.

[17] Section 8 of the 1838 Revised Statutes (predecessor of MCL 600.6013; MSA 27A.6013) was moved from its original location alongside the prejudgment interest provision. See 1915 PA 314, ch 22, § 20. The other change of some significance was the addition of language specifying that the judgment be "in a civil action." This amendment came in 1961 when the Judicature Act of 1915 was recodified as the Revised Judicature Act, see 1961 PA 236, ch 60, § 6013, where it remains today.

highly problematic. The extension of that interest statute to prejudgment interest awards causes two formerly compatible statutes to be in irreconcilable conflict. Only by concluding that the § 6013 interest provision has repealed MCL 438.7; MSA 19.4 by necessary implication, insofar as civil actions are concerned, can any sense be made of the two interest statutes.

While repeals by implication are not favored, it is a question of legislative intent whether or not there has been such a repeal of an earlier statute by a subsequently enacted one. See *Attorney General ex rel Owen v Joyce,* 233 Mich 619, 621; 207 NW 863 (1926); *Yarger v City of Hastings,* 375 Mich 413, 417; 134 NW2d 726 (1965). The latest legislative expression on the entitlement to prejudgment interest must control where two interest statutes specifically address the issue of entitlement and cannot be harmonized.

VI

Plaintiff maintains that the enactment of 1965 PA 240 repealed MCL 438.7; MSA 19.4 to the extent that it might apply to the award of arbitration under the unique circumstances in which arbitration was agreed to in this case. The 1965 amendment clearly broadened the entitlement to prejudgment interest under MCL 600.6013; MSA 27A.6013.

The defendant argues that the two interest statutes do not overlap, but this position is untenable given the plain language of the two statutes. First, the argument assumes that MCL 438.7; MSA 19.4 provides the exclusive entitlement to interest *even after a court enters a money judgment confirming an arbitration award.* Yet, this cannot be reconciled with the language of MCL 600.6013; MSA

27A.6013 which requires that interest be awarded from the date of the filing of the complaint. Moreover, MCL 438.7; MSA 19.4 by its own terms, does not extend as far as the defendant contends; in fact, it authorizes the award of interest "only 'until judgment shall be . . . rendered' upon the verdict, arbitration award, etc."

The overlapping coverage of the two statutes creates a conflict regarding the entitlement to prejudgment interest that appears to be irreconcilable. The only way to harmoniously apply the two interest provisions would be to apply them both at the same time. Yet, such simultaneous application would yield a double recovery for the prevailing party from the date of the arbitration award to the date of judgment. This is surely inconsistent with any rational view of legislative intent.[18] Since there appears to be no way to justify application of only one of the statutes over the other,[19] we find that MCL 600.6013; MSA 27A.6013 and MCL 438.7; MSA 19.4 are in conflict, as applied to the facts of this case.

The defendant contends that the plaintiff's entitlement to prejudgment interest is governed exclusively by MCL 438.7; MSA 19.4. This argument ignores the express terms of MCL 600.6013; MSA 27A.6013 which applies to a money judgment recovered in a civil action. Perhaps, defendant concludes that only MCL 438.7; MSA 19.4 applies

---

[18] While such double recoveries of interest are permitted when a clear legislative purpose is served thereby, see *Wood,* n 12 *supra,* no such result can be justified under the statutes at issue here. A double award of prejudgment interest under both MCL 600.6013; MSA 27A.6013 and MCL 438.7; MSA 19.4 would overcompensate the prevailing party in contradiction of the purposes of the statute and would produce an absurd result. Thus, we assume that the Legislature did not intend to apply both statutes and thereby authorize two sources of recovery of prejudgment interest.

[19] The two interest statutes simply do not contain any textual clues as to how one would decide which of the two provisions should be given priority in what circumstances.

here by reading that statute too narrowly. MCL 438.7; MSA 19.4 applies to arbitration awards, as well as to awards entered by verdict, report of referees, assessment made by the clerk of the court, or otherwise. Following the logic of defendant's argument would result in awarding prejudgment interest on a jury verdict under MCL 438.7; MSA 19.4, exclusively, even though it precludes a judgment of money damages in a "civil action." But this result would make MCL 600.6013; MSA 27A.6013 inoperative where it plainly applies.

Thus, we are constrained by the rules of statutory construction to award prejudgment interest in the instant dispute on the basis of MCL 600.6013; MSA 27A.6013 by resorting to rules of statutory interpretation. Normally, two statutes which share a common purpose or object are to be interpreted in pari materia. This is the appropriate rule to apply where two statutes are enacted by the same assembly with a common purpose. The rule requires that the two statutes be strictly construed so as to avoid interpreting one in a manner that defeats the main purpose of another on the same subject. *Detroit v Michigan Bell Telephone Co,* 374 Mich 543, 558, 561; 132 NW2d 660 (1965), cert den 382 US 107 (1965); *Richardson v Jackson Co,* 432 Mich 377, 384; 443 NW2d 105 (1989).

But where the two statutes cannot be reconciled, this rule of statutory construction does not apply. Specifically, the rule of in pari materia does not control here since it would likely result in upholding the policy embodied in MCL 438.7; MSA 19.4, the earlier statute, in a manner tending to contradict the plain language of the subsequent statute (i.e., MCL 600.6013; MSA 27A.6013). See *People ex rel Pellow v Byrne,* 272 Mich 284, 288; 261 NW 326 (1935), quoting *Voorhies v Recorder's Court Judge,* 220 Mich 155, 157-158; 189 NW 1006 (1922).

Any judicial attempt to read a restriction into MCL 600.6013; MSA 27A.6013, however, is foreclosed. This Court cannot refuse to award prejudgment interest in a "civil action" (from the date of the filing of the complaint) in contravention of the plain language of MCL 600.6013; MSA 27A.6013. Were we to hold that MCL 438.7; MSA 19.4 applies and that plaintiff is not entitled to prejudgment interest from the date of the complaint, it would violate the rule of *Voorhies,* since the force of the two statutes could not thereby be preserved. See, generally, *Rathbun v Michigan,* 284 Mich 521, 544-545; 280 NW 35 (1938).

Our conclusion that MCL 600.6013; MSA 27A.6013 applies is supported by the rule that the Revised Judicature Act authorization for prejudgment interest is remedial in nature and so must be liberally construed. *Denham, supra* at 528-529, citing MCL 600.102; MSA 27A.102.

## VII

Given the broad statutory definition of a "civil action" in Michigan, and given the parties stipulation to arbitrate made in the context of a properly filed lawsuit, we conclude that the judgment in favor of plaintiff was made pursuant to a "civil action."

This Court has defined the term "civil action" broadly enough so that this suit satisfies the requirements of MCL 600.6013; MSA 27A.6013.[20] The trial court's order confirming the arbitration award was preceded by a complaint and ended in a

---

[20] A "civil action" is defined as an "action is commenced by filing a complaint with a court." MCR 2.101(B) (formerly GCR 1963, 101). See also MCL 600.1901; MSA 27A.1901 (codifying court rule); *Buscaino v Rhodes,* 385 Mich 474, 481; 189 NW2d 202 (1971) (a civil action is commenced by the filing of a complaint in the context of the statutes of limitations, as well as every other context).

money judgment. Furthermore, this is not a case where the money judgment rendered was not made by a "court" or lacked the procedural attributes of a civil action.[21] Rather, a trial court entered the judgment in dispute here.

We distinguish this case from those actions which are brought for the sole purpose of obtaining a judgment confirming the award. In asking the court to apply MCL 438.7; MSA 19.4, the defendant relies upon cases interpreting the two interest statutes that are inapplicable to the instant suit. See *Morgan v Kamil,* 144 Mich App 171; 375 NW2d 378 (1985), lv den 422 Mich 970 (1985); *Western Casualty & Surety Co v Garden City,* 151 Mich App 83; 390 NW2d 687 (1986). The salient fact in this case is that the parties chose to arbitrate only after the filing of the complaint. By contrast, in *Morgan, supra,* the parties had agreed to arbitrate prior to the filing of the complaint; moreover, the circuit court dismissed the case after entering an order compelling arbitration.[22] *Western Casualty & Surety Co, supra,* involved a preëxisting arbitration agreement also.

In these two cases, as well as in *Osinski v*

---

[21] See *Solakis v Roberts,* 395 Mich 13, 21; 233 NW2d 1 (1975) (Workers' Compensation Appeal Board is not a court and is not possessed of judicial power), and *Detroit v Detroit Police Officers Ass'n,* 408 Mich 410, 499-502; 294 NW2d 68 (1980).

[22] Indeed, the trial court may dismiss a complaint after entering an order compelling arbitration, where the arbitration proceedings are not yet final and the parties do not dispute the existence or terms of the agreement to arbitrate.

In that situation, moreover, even if the civil action is stayed (pursuant to MCR 3.602[C]), the presence of a prior arbitration agreement means that MCL 438.7; MSA 19.4, rather than MCL 600.6013; MSA 27A.6013, governs the entitlement to prejudgment interest.

Under MCR 3.602(C), the court must issue a stay if an order for arbitration or an application for such an order has been made. The rule does not address whether the court having granted the stay (pending the outcome of arbitration) may or must dismiss the case for lack of jurisdiction.

*DAIIE,* 69 Mich App 426; 245 NW2d 76 (1976), the
Courts held that MCL 438.7; MSA 19.4 specifies
the entitlement to interest on judgments entered
merely to confirm the arbitrator's award. Also, the
arbitration proceedings in those cases were held
prior to the bringing of the circuit court action.
Thus, by applying MCL 438.7; MSA 19.4, in those
cases, the Court of Appeals reached correct re-
sults.[23]

MCL 600.6013; MSA 27A.6013 does not apply to
money judgments which are ordered as the result
of contractually agreed upon means of dispute
resolution which a court lacks the power to alter.
This rationale justifies the failure to apply MCL
600.6013; MSA 27A.6013 to the prejudgment phase
of the litigation. But, even in the above cases,
MCL 600.6013; MSA 27A.6013 might have autho-
rized prejudgment interest if the party required to

---

[23] We do not decide what is the applicable rate of interest since we
are not required to settle the issue to decide this case. This Court in
*Solakis v Roberts,* n 21 *supra* at 20, fixed the interest rate allowable
under MCL 438.7; MSA 19.4 at five percent according to the terms of
MCL 438.31; MSA 19.15(1), yet, held that MCL 438.7; MSA 19.4
determines a right to interest on workers' compensation awards that
is fixed by the five percent per annum rate specified in MCL 438.31;
MSA 19.15(1).

The legislative history of MCL 438.7; MSA 19.4 casts doubt on this
proposition and raises the possibility that the interest rate that this
interest statute borrows shall be the one specified in MCL 600.6013;
MSA 27A.6013. See, e.g., Griffin, n 13 *supra* at 254 ("The Legislature
intended that the prejudgment interest of the Revised Statutes, now
MCL 438.7; MSA 19.4, should have the same rate as the judgment
interest of the Revised Statutes, now MCL 600.6013 [MSA
27A.6013]"). Indeed, the specific language and history of MCL 438.7;
MSA 19.4 suggests that it was intended to establish a "legal rate" of
interest, rather than the rate of interest for money wrongfully de-
tained. Its primary purpose was to establish limits on transactions
insofar as the conventional rate of interest is concerned and to
facilitate the enforcement of the prohibition on usury.

We also do not decide whether the allowance of interest on verdicts
and judgments in Michigan is "purely statutory," see *Motyka v
Detroit, G H & M R Co,* 260 Mich 396, 398; 244 NW 897 (1932), or
allowable even where no express statute could be invoked, *Wilson v
Doehler-Jarvis Div of Nat'l Lead Co,* 358 Mich 510, 514-519; 100
NW2d 226 (1960).

pay it had successfully moved to vacate the award on the ground (1) that there was no enforceable agreement to arbitrate, or (2) that the arbitrator's decision must be set aside. See *DAIIE v Gavin,* 416 Mich 407, 440-441; 331 NW2d 418 (1982). In *Morgan, supra* at 173, MCL 600.6013; MSA 27A.6013 may have governed the award of prejudgment interest if the Court had not dismissed the complaint. In all the above cases, MCL 600.6013; MSA 27A.6013 governs the award of *post*judgment interest, according to its plain language.[24]

Defendant argues that "this case is not a civil action because an agreement to arbitrate, whether reached before or after the filing of a complaint, precludes a circuit court's exercise of subject matter jurisdiction while the arbitration is pending." The defendant relies incorrectly on the *Morgan* decision to support the view that the trial court in this case lost subject matter jurisdiction over this lawsuit when the parties entered into their agreement to arbitrate.[25]

When the instant complaint was filed, the trial court clearly had jurisdiction to decide the con-

[24] Thus, the Court in *Western Casualty & Surety Co, supra* at 89, was incorrect when it stated that "nothing authorizes interest on an arbitration award (with the exception of the arbitration interest statute [MCL 438.7; MSA 19.4] to be discussed) whether awarded by the court or the arbitration panel." MCL 438.7; MSA 19.4 may not properly be referred to as the "arbitration interest statute" since it authorizes the award of interest in a variety of other contexts and it is not the exclusive source of statutory entitlement to interest on an arbitration award.

[25] The *Morgan* Court stated: "Since plaintiff was a party to the arbitration agreement, the circuit court lacked subject matter jurisdiction over the lawsuit." *Id.* at 176, citing *Bowes v Int'l Pharmakon Lab, Inc,* 111 Mich App 410; 314 NW2d 642 (1981).

For the contrary view, namely, that the court does not lack subject matter jurisdiction to decide an arbitrable dispute under MCL 600.5001(2), 600.5025; MSA 27A.5001(2), 27A.5025, see *DAIIE v Maurizio,* 129 Mich App 166; 341 NW2d 262 (1983), *Hendrickson v Moghissi,* 158 Mich App 290, 295-296; 404 NW2d 728 (1987), and *Campbell v St John Hosp,* 170 Mich App 551, 558-559; 428 NW2d 711 (1988).

tract claim presented to it. By stating in their stipulation that the court would "retain[ ] jurisdiction" over the dispute, the parties clearly consented to allow the court to enter the judgment confirming the arbitrator's award. Given this stipulation, the court properly retained jurisdiction and entered a judgment conforming to the decision of the arbitrator.[26]

The text and history of MCL 600.6013; MSA 27A.6013 and MCL 438.7; MSA 19.4 simply do not support the conclusion that a party who prevails in an arbitration proceeding is less entitled to prejudgment interest when the award is made in the context of a civil action.

### VIII

The policy of encouraging arbitration is in no way frustrated by the award of a higher rate of interest at an earlier point in the litigation under MCL 600.6013; MSA 27A.6013. The parties have some flexibility in specifying the appropriate rate of prejudgment interest.

By drafting agreements that require the arbitration of any disputes as a condition precedent to bringing a court action, parties prevent an entitlement to prejudgment interest under MCL 600.6013; MSA 27A.6013 from ever arising prior to the filing of an action to confirm the arbitrator's award. Thus, the result of this case will neither encourage nor discourage parties, who intend to prevent litigation, from engaging in arbitration. The demands of MCL 600.6013; MSA 27A.6013 must be satisfied, however, when a "civil action" has been filed and is not dismissed before a judgment is entered on the arbitration award.

---

[26] See MCL 600.5025; MSA 27A.5025 (the legal and equitable power of a court to enforce the parties' arbitration agreement and to render judgment on any award thereunder).

IX

In sum, we hold that the 1965 amendment of MCL 600.6013; MSA 27A.6013 repeals MCL 438.7; MSA 19.4 by necessary implication to the extent that the two interest statutes are in conflict. MCL 600.6013; MSA 27A.6013 repeals that part of MCL 438.7; MSA 19.4 providing for prejudgment interest, in the interval between liquidation or ascertainment of the amount owed and either payment of or judgment on that amount in actions "founded on contracts" commenced by filing a complaint with a court, i.e., civil contract actions.

Thus, we reverse the decision of the Court of Appeals, and remand the case for entry of a judgment awarding prejudgment interest in conformity with this opinion.

RILEY, C.J., and BRICKLEY, BOYLE, and ARCHER, JJ., concurred with CAVANAGH, J.

LEVIN, J. (*concurring*). The question presented is whether the circuit court erred in entering a judgment confirming an arbitration award for an amount, $300,000, plus statutory interest computed from the date the complaint in this action was filed in the circuit court.

I would hold that the arbitrators did not exceed their authority when they included in the award interest, computed as provided in the statute, from the date the complaint was filed. I therefore agree with the majority that this Court should reverse the decision of the Court of Appeals, which held that the circuit court should not have confirmed an award that included prejudgment interest and should have allowed interest only from the date of entry of the award.

I

Hamilton Mutual Insurance Company was the
surety of a bankrupt general contractor that had
constructed a multifamily housing complex for Old
Orchard by the Bay Associates. The surety bond
provided protection for defects in materials and
workmanship. Old Orchard claimed that there
were defects in an amount exceeding the $390,000
amount of the bond. Three years after this action
was commenced by Old Orchard, the parties stipu-
lated that the matter was to be submitted for
resolution by arbitration in accordance with the
Construction Industry Rules of the American Arbi-
tration Association of Michigan. An order was
entered by the circuit court pursuant to the stipu-
lation "remanding case to arbitration" and provid-
ing that any award "may be entered as a judg-
ment in this Court and this Court has retained
jurisdiction for the purpose of enforcing any such
award."

The arbitrators filed an award[1] providing that
Hamilton should pay Old Orchard $300,000 plus
statutory interest to be computed on the $300,000
pursuant to § 6013 of the Revised Judicature Act[2]
from the date the action was commenced in the
circuit court. The award concluded with the state-
ment that it was in "full settlement of all claims
submitted to this arbitration."

Old Orchard moved to confirm, and, after hear-
ing objections, the circuit judge entered a judg-
ment on the award of $300,000 plus interest of
over $366,000 computed pursuant to § 6013.

The Court of Appeals reversed,[3] holding that

---

[1] Almost five years later.

[2] MCL 600.6013; MSA 27A.6013.

[3] *Old Orchard by the Bay Associates v Hamilton Mutual Ins Co,*
unpublished opinion per curiam of the Court of Appeals, decided
January 11, 1988 (Docket No. 93161).

interest should have been awarded pursuant to a statute⁴ that provides for interest at five percent per annum only after entry of an award.

## II

The majority holds as a matter of law that where the parties have not agreed to arbitrate before a complaint is filed, but thereafter stipulate to arbitrate and the original action is not dismissed, prejudgment interest should be added pursuant to § 6013.

The majority states that prejudgment interest need not be added pursuant to § 6013 where the parties stipulate or otherwise "agree on the matter of interest," but that where, as in the instant case, the parties do not agree on the matter of interest, the statute governs.⁵

While the parties did not specifically agree on whether interest pursuant to § 6013 was to be added to the award, they agreed, in submitting the dispute to arbitration, to confer on the arbitrators the power to decide whether, as a matter of con-

---

⁴ MCL 438.7; MSA 19.4. MCL 438.31; MSA 19.15(1).

⁵ The majority states:

The statutory interest provision that applies in a given action is a purely legal question to be resolved by means of statutory interpretation, except where the parties stipulate to an interest schedule or otherwise agree on the matter of interest as part of their arbitration agreement.¹⁰ The parties in the instant dispute, however, never agreed upon the matter of interest.

---

¹⁰ Where there is a contractual agreement by the parties regarding the entitlement to interest, or the rate of interest to be awarded, in a dispute founded on a contract, the question of interest is one of the intent of the parties. Therefore, since arbitration is primarily a matter of contract, a stipulation entered by the parties, before or after the complaint is filed, specifying the applicable rate of prejudgment or postcomplaint interest, is normally binding. [Ante, p 251.]

tract rather than statutory interpretation, interest would be added to an award.

In holding that the failure of the parties specifically to agree on the matter of interest meant, as a question of interpretation of the contract, that they had "never agreed on the matter of interest,"[6] the majority substitutes its interpretation for the interpretation of the arbitrators. In the instant case, the result is the same because the arbitrators added interest pursuant to § 6013. But, in another case, the majority's approach would mean that interest must be added to an award although the arbitrators had not included or provided for interest as part of the award.

### III

In arbitration cases, questions of contract interpretation often concern arbitrability—whether a dispute is arbitrable or excluded from arbitration. In the arbitrability context, the United States Supreme Court ruled that arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[7] This Court adopted the approach of the United States Supreme Court when it said that a court should not weigh competing claims of contract interpretation because to do so would give "to the court the task assigned to the arbitrator—namely, the interpretation and application of the contract."[8]

---

[6] See n 5.

[7] *United Steelworkers of America v Warrior & Gulf Navigation Co,* 363 US 574, 582-583; 80 S Ct 1347; 4 L Ed 2d 1409 (1960).

[8] *Kaleva-Norman-Dickson School Dist v Kaleva-Norman-Dickson Teachers' Ass'n,* 393 Mich 583, 594-595; 227 NW2d 500 (1975).

The Court continued:

While the question of contract interpretation presented in the instant case does not concern arbitrability, but rather whether awarding interest was within the scope of the powers conferred on the arbitrators, the question whether it was within their powers to award or deny interest is nevertheless, because it concerns contract interpretation, confided to the arbitrators unless it can be said with "positive assurance" that the submission to arbitration is "not susceptible of an interpretation" that would permit the arbitrators to decide whether to award interest.

This Court cannot state with positive assurance that the submission to arbitration in this case is susceptible of only one interpretation on the ques-

---

In deciding whether a dispute involving an issue of contract interpretation is arbitrable, a court should guard against the temptation to make its own interpretation of the substantive provisions of the contract encompassing the merits of the dispute. If the parties have agreed that an arbitrator shall decide questions of contract interpretation, the merits of the dispute are for the arbitrator.

Where a court finds itself weighing the pros and cons of each party's interpretation of substantive provisions of the contract, it is likely that the court has gone astray. The question for the court is not whether one interpretation or another is correct, but whether the parties have agreed that an arbitrator shall decide which of the competing interpretations is correct.

Similarly, see *St Clair Prosecutor v AFSCME,* 425 Mich 204; 388 NW2d 231 (1986); *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143; 393 NW2d 811 (1986).

Arbitration is a matter of contract. In contracting for arbitration, parties generally agree to substitute an arbitrator for a judge and jury as factfinder and decision maker on all questions, factual and legal. Whether questions of law are "primarily or even ordinarily within the province of arbitration" is a question of contract and not of law. It is well within the province of parties to a commercial arbitration to allow the arbitrator to decide questions of law as well as of fact, and agreements to arbitrate have generally been construed as contracts for deciding questions of law as well as of fact. [*DAIIE v Gavin,* 416 Mich 407, 446-447; 331 NW2d 418 (1982) (LEVIN, J., concurring).]

tion whether interest may or must be awarded pursuant to § 6013. This Court should not, therefore, impose its interpretation and declare that, because the parties did not specifically agree on the matter of interest, it would be beyond the power of the arbitrators to decline to award interest pursuant to § 6013.[9] The question whether interest should be awarded pursuant to § 6013 is one for the arbitrators, and not this Court, to decide.[10]

GRIFFIN, J. I concur in the result. I agree with Justice LEVIN that the Court's opinion goes too far. Because it is not before us, I would not decide today the case where arbitrators do not include or provide for interest as part of the award.

---

[9] To the extent that the reasoning in *Waldrop v Rodery,* 34 Mich App 1; 190 NW2d 691 (1971), is inconsistent with the reasoning in this opinion, I would no longer follow *Waldrop.*

[10] See *Tobacco Workers Int'l Union, Local 317 v Lorillard Corp,* 448 F2d 949, 956 (CA 4, 1971), where the United States Court of Appeals for the Fourth Circuit declared in a union's action against an employer for specific performance of a collective bargaining clause providing for arbitration of employee grievances:

While a contract may contain provisions detailing what remedies should be applied to compensate for a particular breach, labor contracts, like other contracts, commonly do not. Part of what the parties bargain for when they include an arbitration provision in a labor agreement is the "informed judgment" that the arbitrator can bring to bear on a grievance, especially as to the formulation of remedies. . . . Therefore, we conclude that, although the agreement is silent as to remedies, the fashioning of an appropriate remedy is not an addition to the obligations imposed by the contract. In deciding that the agreement did not provide for retroactive pay in promotion cases, the District Court usurped the function of the arbitrator.