FEILER *v.* MIDWAY SALES, INC.

1. CONTRACTS—PARTIES—NONJURY CASE—FINDING OF COURT—EVIDENCE.
   Finding of trial court in nonjury action for breach of contract on part of defendant lessor that latter, in making a loan to enable lessees to buy fixtures for store space under lease, had referred to partnership as lessee rather than original lessee corporation which had assigned the lease to the partnership, *held,* supported by evidence.

2. SAME—PERFORMANCE OF CONDITIONS—STORE FIXTURES.
   Defendant lessor's obligation to make payment it agreed to make to plaintiff and holder of lessee interest to enable latter to install delicatessen store fixtures in leased premises, if not enforceable when made, became enforceable upon performance of the conditions set forth therein by plaintiffs in reliance upon lessor's promise.

3. INTEREST—PLEADING—BREACH OF CONTRACT TO PAY SUM CERTAIN.
   Interest at legal rate from date of defendant's breach of contract to pay a sum certain as claimed in plaintiff's declaration is allowed, where defendant's liability is established.

Appeal from Ingham; Coash (Louis E.), J. Submitted November 23, 1960. (Docket No. 95, Calendar No. 48,468.) Decided April 26, 1961.

REFERENCES FOR POINTS IN HEADNOTES
[2] 32 Am Jur, Landlord and Tenant § 157 *et seq.*
[3] 15 Am Jur, Damages § 168.

Case, originally commenced by bill and transferred to law side of court, by Jesse R. Feiler and Paul R. Feiler, doing business as Louis Feiler Company, against Midway Sales, Inc., a Michigan corporation, and others for breach of contract to pay supplier, by way of advance to lessees, a portion of sums due for restaurant equipment installed. Judgment for plaintiffs. Defendant Midway Sales, Inc., appeals. Plaintiffs cross-appeal. Affirmed and remanded for allowance of interest.

*Goldman & Grabow,* for plaintiffs.

*Foster, Foster, Campbell & Lindemer (John L. Collins* and *Edmund E. Shepherd,* of counsel), for defendant.

Souris, J. A judgment for $10,000 for breach of contract was entered after trial before the court without a jury. Appellant, Midway Sales, Inc., claims on appeal that the judgment is against the preponderance of the evidence. The letter* set forth in full in

---

* "MIDWAY SALES, INC.
1205 E. Saginaw Street
Lansing 6, Michigan

Francis J. Corr, President

Telephone 2–0841
"January 25, 1956

"Louis Feiler Company
1434 Gratiot Avenue
Detroit 7, Michigan
"Gentlemen:
   "We are writing this letter to advise you that we have a clause in our lease with Brothers Delicatessen whereby we are loaning them $10,000 to apply on fixtures for their store in Frandor Shopping Center.
   "Upon delivery of the equipment we will issue a check jointly to Brothers Delicatessen and Louis Feiler Company to fulfill the qualifications of our lease.

"Sincerely,
MIDWAY SALES, INC.
/s/ F. J. Corr
Francis J. Corr, President"

FJC:rl

the margin is the source of this dispute. Midway claims that when it used the name Brothers Delicatessen in the letter it meant Brothers Delicatessen and Restaurant, Inc., a Michigan corporation operating in the Detroit area, and that the trial judge was not justified by the preponderance of the evidence in finding, as he did, that it meant The Brothers, a co-partnership preparing to operate a delicatessen in the Lansing area.

Midway and others are the owners of the Frandor shopping center near the city of Lansing. In 1954 Midway entered into a 15-year lease with Brothers Delicatessen and Restaurant, Inc., and its stockholders, the agreement providing that Midway would construct a store in its shopping center to be used as a delicatessen by the lessees. Subsequently, the lessees determined that they could not proceed with the lease and, on November 25, 1955, several agreements were executed which materially altered the lease. On that date, the following occurred:

1. The lease was amended to reduce the size of the leased premises and the minimum yearly rental therefor. The amendment also provided that Midway would loan the lessees the sum of $10,000 "to help fixture the building," which loan was to be evidenced by a promissory note bearing 6% interest and payable at the rate of $2,000 per year beginning on February 1, 1957.

2. The lessees assigned all of their right, title and interest in and to the lease to Leon and Claire Raminick and George and Anne Waldman, and the assignees assumed and agreed to make all of the payments and to perform all of the promises, covenants, conditions, and agreements of the lessees. The assignment specifically provided, however, that the assignors' liability under the lease would continue in full force and effect.

3. Midway acknowledged the foregoing assignment and assumption of the lease and agreed, by marginal notation on the lease, to relieve the stockholders of Brothers Delicatessen and Restaurant, Inc., of all "responsibility" under the lease on February 1, 1961.

Mr. Raminick and Mr. Waldman, 2 of the assignees of the original lessees, proceeded with arrangements to equip and operate the leased premises as a delicatessen under the name Brothers Delicatessen, although the assumed name of the business was The Brothers. They arranged to purchase their fixtures from plaintiffs in this suit, but neither Raminick nor Waldman, to the knowledge of all parties involved herein, was financially responsible. Plaintiffs were willing to sell them the fixtures on a conditional sale contract with a down payment of $10,000 upon delivery, but before ordering their fabrication plaintiffs wanted assurance that the $10,000 down payment would be made. The January 25, 1956, letter from appellant quoted in the margin above was the assurance upon which plaintiffs relied. The fixtures were fabricated and installed in the premises by May 8, 1956, but plaintiffs never were paid the $10,000 down payment thereon. When plaintiffs, together with Raminick and Waldman, called upon appellant for the $10,000, appellant gave them a $10,000 check drawn to the order of plaintiffs and Brothers Delicatessen and Restaurant, Inc., and that corporation's stockholders instead of to plaintiffs and the Raminicks and Waldmans. Appellant took the position that the letter of January 25, 1956, referred to the "Detroit Brothers Delicatessen" and not to the Lansing group. The Detroit corporation and its stockholders refused to indorse the check so that plaintiffs could negotiate it and this suit resulted.

The foregoing facts are not disputed. The only significant factual dispute relates to a meeting in appellant's offices on January 25, 1956, at which the

letter was dictated by appellant's president, a Mr. Corr, and delivered to Jesse R. Feiler, one of the plaintiffs. Feiler testified that Corr said he would give Feiler a letter stating that the $10,000 would be paid plaintiffs through Waldman and Raminick. Feiler, Waldman, and a representative of the fixture manufacturer, all of whom were present at the January 25, 1956, meeting, each testified in effect that all parties understood Brothers Delicatessen, as used in the letter, to mean the business operated by Waldman and Raminick. Corr alone denied that any of this was so and testified that, whatever the others had in mind, he intended at all times to refer to the Detroit group, the original lessees under the lease. It is appellant's contention that this record discloses a failure of mutual assent, that there was no meeting of the minds on all essential points necessary to constitute a valid contract. Appellant also claims there was no consideration from plaintiffs for its undertaking to supply the money.

The trial judge found as a fact that all parties, appellant included, understood that Brothers Delicatessen, as used in the letter, referred to the Waldmans and Raminicks. The evidence summarized above, and in other respects not essential to an understanding of this case, clearly preponderates in favor of the trial court's finding. Appellant claims it is unreasonable to believe it would undertake to loan financially irresponsible Waldman and Raminick $10,000, but is it? Appellant had the assurance that the money it undertook to advance would be used to pay for fixtures installed in its building. In addition, the Detroit group's liability under the lease continued until at least February of 1961, and it will be remembered that the lease was amended on November 25, 1955, to include the loan agreement, which called for complete repayment of the $10,000 by February 1, 1961. Whether or not the Detroit group's

liability included liability to appellant in the event of a default by Waldman and Raminick in repaying the contemplated loan is not necessary to decision in this case. The conclusion is inescapable that appellant fully intended to make the loan to Waldman and Raminick, the only ones who could apply it "on fixtures for their store in Frandor shopping center," in the words of the disputed letter.

As for appellant's claim that the letter of January 25, 1956, did not constitute an agreement binding upon it because there was no consideration for its undertaking, we find therein no basis for reversal of the trial court's judgment. Whether or not an enforceable obligation arose at the moment appellant gave plaintiffs its letter, upon performance of the conditions set forth therein by plaintiffs in reliance upon appellant's promise, the obligation became enforceable against appellant. *People* v. *Taylor*, 2 Mich 250; *Faxton* v. *Faxton*, 28 Mich 159; *Thomas* v. *South Haven & Eastern R. Co.*, 138 Mich 50; *Holt* v. *Stofflet*, 338 Mich 115; 1 Restatement, Contracts, § 90; 50 Mich L Rev 639 and 873.

In only one respect does the judgment of the trial court require modification. No interest was allowed plaintiffs on the judgment although performance of the promise was due in May of 1956. It was undisputed at the trial that the fixtures were installed and the delicatessen commenced business on May 8, 1956, and that Waldman and Raminick would have indorsed appellant's $10,000 check to plaintiffs for their use had appellant not insisted upon naming thereon the Detroit group. Interest at the legal rate from May 15, 1956, should have been allowed plaintiffs on their judgment, plaintiffs' declaration claiming therefor only from said date. *Bernstein* v. *Shifman*, 358 Mich 699.

Judgment affirmed and remanded for addition of interest. Costs to plaintiffs.

CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

DETHMERS, C. J., did not sit.