## CATALDO *v.* WINSHALL.

1. Appeal and Error—Nonjury Cases—Finding of Trial Court—Preponderance of Evidence.

Findings of trial judge in broker's nonjury action for commissions and advances are not disturbed, where record does not clearly preponderate against such findings that are made after listening to the witnesses of the respective parties, since the trial court has seen and heard the witnesses and evaluated their testimony (GCR 1963, 517.1).

2. Brokers—Commissions—Advances—Evidence.

Admission of check in evidence against 1 of 4 defendants in broker's action for commissions and advances should not have been considered by trial court in rendering judgment against appellant, one of the other defendants, hence judgment against such appellant is reduced by amount of improperly allowed credit.

---

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error §§ 839–845; 53 Am Jur, Trial § 123.
[2] 20 Am Jur, Evidence § 263.
[3] 53 Am Jur, Trial § 123.
[4] 39 Am Jur, New Trial § 13.
[5] 5 Am Jur 2d, Appeal and Error § 851.
[6] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

3. TRIAL—MOTION TO REOPEN PROOFS—DISCRETION OF COURT.

A motion to reopen proof is addressed to the sound discretion of the trial court and a reversal of a ruling thereon by an appellate court required a showing of abuse of discretion on the part of the trial court.

4. NEW TRIAL—DISCRETION OF COURT.

A motion for a new trial is addressed to the sound discretion of the trial court and a showing of abuse of discretion is required before an appellate court will reverse the trial court's ruling.

5. APPEAL AND ERROR—REOPENING CASE—NEW TRIAL—DISCRETION OF COURT.

Denial of defendant's motion to reopen case for introduction of supplemental proofs and denial of his motion for new trial *held,* not an abuse of discretion under record presented.

6. COSTS—NEITHER PARTY PREVAILING.

No costs are allowed, where plaintiff's $12,666.34 judgment against 1 of 4 defendants in broker's nonjury action for commissions and advances is ordered reduced by $3,000, since neither party has prevailed.

Appeal from Macomb; Spier (James E.), J. Submitted Division 2 December 7, 1965, at Lansing. (Docket No. 369.) Decided March 9, 1966. Rehearing denied April 15, 1966. Leave to appeal denied July 12, 1966. See 378 Mich 722.

Declaration by Peter Cataldo against Jack I. Winshall, Phyllis Winshall, Charles Bednarsh, and Jennie Bednarsh to recover advances and commissions. Judgment for plaintiff against defendant Jack I. Winshall. Cause dismissed as to defendants Phyllis Winshall, Charles Bednarsh, and Jennie Bednarsh. Defendant Jack I. Winshall appeals. Judgment modified and affirmed.

*Sugar & Schwartz (A. Albert Schwartz,* of counsel), for plaintiff.

*Starkey & Gentz (William A. Gentz,* of counsel), for defendant.

QUINN, J.  Plaintiff brought this action to recover commissions and advances he claimed were due him from defendants.  The nonjury trial resulted in a judgment for plaintiff and against Jack I. Winshall for $12,666.34 and a judgment of no cause for action as to defendants Bednarsh and Phyllis Winshall.  Jack I. Winshall appeals.

Defendant states the issues presented as follows:

1. "Was the verdict and judgment of the court against the clear weight of the evidence as to the finding in favor of plaintiff on his complaint as to the following exhibits and claims, to-wit:  *  *  * [Defendant then lists five items that the trial court credited to plaintiff erroneously according to defendant.] ?

2. "Did the trial court err in denying appellant's motion to reopen the case for the introduction of supplemental proofs and in denying his motion for new trial?"

Plaintiff's action was filed February 24, 1959. Plaintiff is a real-estate broker and over a period of years he acted as broker and agent for defendant in the sale and development of real estate.  Defendant dealt in and developed real estate.  The transactions involved in the instant case occurred in 1953 and 1954.  In its written opinion, the trial court found, "the defendant has produced no books or records and those produced by the plaintiff are the improvised variety with frequent obvious changes, and from entries money cannot be traced except by parol evidence."

The forum for the relief defendant seeks by this appeal is the trial court; the manner of obtaining it is the production of records which substantiate his contentions.  With one exception, there is evidence in the record to support the findings of the trial judge, and the record does not clearly prepon-

derate against such findings. Some of the findings
resulted from the trial court giving more credence to
plaintiff and his witnesses than it did to defendant
and his witnesses. This is the province of the trial
court; it sees and hears the witnesses, and its find-
ings based on the weight it gives testimony will
not be disturbed unless clearly erroneous. GCR
1963, 517.1. The record here indicates no reason for
disturbing the findings of the trial court.

The exception above noted involves exhibit 25, a
check issued by plaintiff to defendant Charles Bed-
narsh on October 16, 1953 in the amount of $3,000.
At trial, this was admitted only as to Bednarsh. It
should not have been considered by the trial court as
to Winshall. The credit allowed plaintiff by the
trial court in the amount of $3,000 on the basis of
exhibit 25 was improper.

With respect to the second issue, motions to re-
open for further proof and for new trial are ad-
dressed to the sound discretion of the trial court. A
showing of abuse of discretion is required before
an appellate court reverses a trial court's ruling on
such motions. *People, for the use and benefit of E.
P. Brady & Co., v. Gilliland* (1958), 354 Mich 247;
*Sabo* v. *New York C. R. Co.* (1961), 365 Mich 231.
The record here does not show an abuse of
discretion.

The judgment of the trial court is reduced by
$3,000 and affirmed. Neither party having pre-
vailed, no costs are allowed.

Lesinski, C. J., and McGregor, J., concurred.