CATALDO v. WINSHALL, INC.

1. APPEAL AND ERROR—REHEARING OF MOTION TO AMEND ANSWER AND REOPEN PROOFS—DISCRETION OF COURT.

Denial of defendants' motion for a rehearing of their motion for leave to amend answer to conform to proofs made during trial and to reopen proofs, and denial of their motion to correct findings of fact and conclusions of law made by trial court *held,* not an abuse of discretion under record presented.

2. SAME—NONJURY CASE—FINDING OF TRIAL COURT—PREPONDERANCE OF EVIDENCE.

Finding of trial judge for plaintiff in broker's nonjury action for commissions and advances is not disturbed, where record does not clearly preponderate against such finding and the controversies arose years before between the parties and their records are inadequate (GCR 1963, 517.1).

3. CONTRACTS—FINDING OF TRIAL COURT—PLEADING—AFFIRMATIVE DEFENSE—ACCORD AND SATISFACTION—BROKER'S COMMISSION.

Defendant's contention that acceptance by plaintiff of a certain check modified previous commission rate from 10% to 5% and constituted an accord and satisfaction of the commission fee *held,* not well taken, where such claim was not pleaded as an affirmative defense in either the original answer, or in the amended answer, as required by pertinent court rules, and

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 99; 5 Am Jur 2d, Appeal and Error § 978 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 591.
[4] 5 Am Jur 2d, Appeal and Error §§ 569, 946.
[5] 5 Am Jur 2d, Appeal and Error § 1014.

where the contention is not supported by the record (Court Rule 23, § 3 [1945]; GCR 1963, 111.7).

4. Appeal and Error—Interest as an Item of Damages.
    Refusal of trial judge to include interest as an item of plaintiff's damages in broker's action for commissions and advances *held*, not an abuse of discretion, where the language of statute relative to interest leaves the allowance or disallowance of interest a matter of discretion, and the record shows no abuse of discretion (CL 1948, § 438.7).

5. Costs—Neither Party Having Prevailed in Full.
    Costs are not awarded in broker's action for commissions and advances, where neither party has prevailed in full.

Appeal from Macomb; Spier (James E.), J. Submitted Division 2 April 7, 1966, at Lansing. (Docket No. 302.) Decided May 11, 1966. Rehearing denied June 20, 1966. Leave to appeal denied by Supreme Court September 7, 1966. See 378 Mich 731.

Declaration by Peter Cataldo against Winshall, Inc., a Michigan corporation, and Jack I. Winshall for damages for failure to pay commissions under a real-estate brokerage contract. Judgment for plaintiff. Defendants appeal. Plaintiff cross-appeals. Affirmed.

*Sugar & Schwartz* (*A. Albert Schwartz*, of counsel), for plaintiff.

*Starkey & Gentz* (*William A. Gentz*, of counsel), for defendants.

Quinn, J. Defendants appeal from a judgment entered against them in Macomb county circuit court. Plaintiff cross-appeals from the trial court's refusal to include interest as an item of his damages.

Counsel for both sides agree that the questions presented by this appeal are as follows:

"1. Did the court abuse its discretion in denying the motion filed by both defendants for leave to

amend their answer to conform to the proofs and in denying the defendants' motion to correct the lower court's findings of fact and law?"

"2. Was the trial court's finding against defendant, Winshall, Inc., on plaintiff's exhibit 2 in the amount of $9,355, against the clear weight of the evidence and not in accordance with law?"

Plaintiff states the question involved on his cross-appeal as follows:

"Is the computation of interest a matter of right when the sum sued upon is a liquidated amount or an amount capable of ascertainment from fixed standards?"

Defendants counterstate this question as:

"Was the refusal of the trial court to grant the cross-appellant an allowance of interest as part of its findings of damages a reversible error in view of the multitude of separate transactions and controversies that had existed between the various parties prior to trial?"

This is the second of three companion cases appealed to this Court. No. 369, *Cataldo v. Winshall,* has been decided, see 2 Mich App 442. No. 307, Peter Cataldo *v.* Winjack Corporation, a Michigan corporation, and David Sefansky, has not been submitted for decision. Like case No. 369, the case now before us was filed in 1959 and involves transactions going back to 1953. Plaintiff sued to recover claimed real estate and other commissions and advances made by plaintiff at the request of defendant Winshall for the latter's benefit. In essence, defendants' answer denied any indebtedness and in addition, alleged if defendants did owe plaintiff anything, it was offset by credits due from plaintiff to defendants. In ad-

dition, defendants pleaded two affirmative defenses, but they did not plead as affirmative defenses payment and satisfaction, nor did they plead as a separate division of their answer the claimed set-offs as required by Court Rule No 23 (1945), §§ 3 and 5. By leave granted February 28, 1963, plaintiff filed an amended complaint; defendants answered and again pleaded affirmative defenses, but they failed to meet the requirements of GCR 1963, 111.1 and 111.7 with respect to the affirmative defenses of payment and satisfaction and the manner of pleading the alleged set-off (now counterclaim).

On the basis of a written instrument,[1] the trial judge sitting without a jury found that defendant Winshall owed plaintiff $5,600. On the basis of another written instrument,[2] the trial judge found Winshall, Inc., owed plaintiff $9,355. On defendant Winshall's admission, the trial judge found Winshall owed plaintiff $2,000. All other claims of plaintiff including interest were denied as were defendants' claims of payment, satisfaction, and set-off. As in case No. 369, the trial court and this Court are asked to solve the various controversies between these parties which arose years ago and are now practically inscrutable because of inadequate records. This situation moved the trial court to observe,

"The court recognizes there is grave danger of injustice to one or other of these parties, but the danger is one created by the parties themselves and their deliberate method of conducting business."

[1] Listing agreement dated October 15, 1953, covering 65 scattered lots in the Beverly Gardens Subdivision, city of St. Clair Shores, in evidence as exhibit 1.

[2] Plaintiff's contract for sale of real estate between Winshall, Inc., as sellers, and Milgrom Building Company, as purchasers, dated May 22, 1953, and covering acreage and lots in city of St. Clair Shores as described in the land contract, in evidence as exhibit 2.

This is a fair statement of the problem faced by the trial court as well as an explanation of why it relied on written instruments and an admission in reaching decision.

Following decision by the trial court, defendants moved for a rehearing of their motion for leave to amend answer to conform to proofs made during trial and to reopen proofs. They also moved to correct findings of fact and conclusions of law made by the trial court. Defendants contend here that the trial court abused its discretion in denying these motions. This contention is based on the assumption that certain items of evidence[3] prove what defendants say they prove. The trial court did not make this assumption nor can we for the reason that the record does not contain sufficient corroborating evidence for us to say the items of evidence relied on by plaintiff prove what defendants say they prove. This is true because of defendants' lack of records, and because it is true, this Court is unable to say the trial court abused its discretion as defendants contend.

Defendants' next claim of error relates to the trial court's finding that Winshall, Inc., owed plaintiff $9,355. This was the balance of commission the trial court found was due plaintiff on the sale of certain land to Milgrom Building Company for $188,000. The rate of commission was 10% and plaintiff admitted receipt of $9,445 on the total commission of $18,800. At trial, defendants claimed the agreed commission rate on this transaction was 5% and introduced exhibit Q, a check from Winshall, Inc., to plaintiff under date of November 22, 1954, in the

---

[3] 5 checks designated exhibits R, W, X, Y, and Z; a declaration in another case designated B-1; a land contract between Winshall, Inc., and Milgrom designated exhibit S, and a closing statement on a purchase by Milgrom from Winshall, Inc., designated exhibit V.

amount of $9,440 which bore the following legend on the back, above plaintiff's indorsement:

"Commission in full for Winshall, Inc., to Milgrom Building Company. Sale of land purchased from Geo. Orley."

Plaintiff's exhibit 2, the agreement of sale on which he predicated this claim, shows the commission rate to be 10%; it is dated in May, 1953. Defendants do not now urge that the agreed commission was 5% and exhibit Q paid it; instead they say the acceptance of exhibit Q by plaintiff and his indorsement of it below the above stated legend constitute an accord and satisfaction. This was not pleaded as an affirmative defense in the original answer as required by Court Rule No 23 (1945), § 3, nor was it so pleaded in the amended answer as required by GCR 1963, 111.7. In addition, the record does not persuade us that exhibit Q concerns the transaction evidenced by exhibit 2. We cannot say the finding of the trial judge that Winshall, Inc., owed plaintiff $9,355 on this transaction is clearly erroneous. This we must do before the finding may be disturbed. GCR 1963, 517.1.

To support his claim of cross-appeal on the right to interest, plaintiff relies on CL 1948, § 438.7 (Stat Ann 1964 Rev § 19.4). The pertinent portion thereof reads as follows:

"In all actions founded on contracts express or implied, whenever in the execution thereof any amount of money shall be liquidated or ascertained in favor of either party * * * it shall be lawful * * * to allow and receive interest upon such amount."

This language merely makes it lawful to allow interest in those cases covered by the statute; it does

not state interest must be allowed. This leaves the allowance or disallowance of interest a matter of discretion, and we do not find the trial judge abused his discretion in disallowing interest in this case.

Affirmed in all respects. Neither party having prevailed in full, no costs are allowed.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.