MISZEWSKI v KNAUF CONSTRUCTION, INC

Docket No. 109168. Submitted January 4, 1990, at Grand Rapids. Decided April 16, 1990.

In January, 1987, Pat Miszewski commenced in Kent Circuit Court a contract action, Lynn Knauf doing business as Knauf Construction, Inc., being named as the defendant. In July, 1987, by stipulation of the parties, plaintiff amended his complaint to add Knauf Construction, Inc., as a defendant and to dismiss Lynn Knauf individually as a defendant. In August, 1987, Knauf Construction, Inc., served upon plaintiff an offer of judgment in the amount of $15,200. Plaintiff rejected the offer and the case proceeded to trial. Following a bench trial, George V. Boucher, J., entered a verdict of $14,901.25 in favor of plaintiff. Defendant moved for actual costs and attorney fees on the basis that the adjusted verdict was less than the settlement offer, computing the interest component of the adjusted verdict on the basis of the period between the July, 1987, date of the filing of the amended complaint naming defendant and the August, 1987, date the rejected offer was made. The trial court denied defendant's motion for fees and costs on the basis that the interest component in the adjusted verdict should be based on the period between the January, 1987, date the original complaint was filed and the August, 1987, date of the offer and that, if such period was used, the interest for that period plus the court costs raised the amount of the adjusted verdict above the amount of the offer. Defendant appealed.

The Court of Appeals held:

Where, as here, service of the original complaint upon the original defendant can be said to have put on notice the subsequently added defendant who becomes the judgment debtor, the interest component of the adjusted verdict is properly computed using the period from the date of the filing of the original complaint to the date of the offer.

Affirmed.

REFERENCES

Am Jur 2d, New Trial §§ 84-86; Rape § 101; Trial §§ 61, 62; Witnesses §§ 88-93.

See the Index to Annotations under Children; Exclusion from Courtroom; New Trial; Rape; Witnesses.

JUDGMENTS — PREJUDGMENT INTEREST.
>Prejudgment interest for the purpose of determining whether an adjusted verdict exceeds an offer of judgment runs from the date of the filing of the original complaint even where the defendant against whom the judgment is had is added subsequent to the filing of the original complaint if there exists such a relationship between the originally named defendant and the subsequently named defendant that service of process upon the former can be said to have put the latter on notice of the existence of the action (MCL 600.6013; MSA 27A.6013).

*Warner, Norcross & Judd* (by *William J. Barrett*), for plaintiff.

*Paul G. Van Gessel,* for defendant on appeal.

Before: BRENNAN, P.J., and MICHAEL J. KELLY and CYNAR, JJ.

MICHAEL J. KELLY, J. Defendant, Knauf Construction, Inc., appeals from the circuit court's denial of its motion for costs and attorney fees under MCR 2.405. We affirm the circuit court's decision.

This suit arose out of a contract dispute. In January of 1987, plaintiff sued Mr. Lynn Knauf individually for $24,201.25. Mr. Knauf moved to dismiss the complaint as he was not a proper party. The parties then stipulated to allow an amendment of the complaint to add Knauf Construction, Inc., as a defendant and to dismiss Lynn Knauf individually. Plaintiff filed an amended complaint against Knauf Construction, Inc., in July of 1987. In August of 1987, defendant offered judgment to plaintiff in the amount of $15,200. Plaintiff rejected the offer and the case proceeded to trial. Following a bench trial, the circuit court entered a verdict of $14,901.25 in plaintiff's favor. To its verdict, the court added precomplaint interest of $326.60, postcomplaint prejudgment interest

of $1,499.45, and costs of $130, for a total judgment of $16,857.30.

Prior to entry of the final judgment amount, defendant moved for an award of actual costs and attorney fees under MCR 2.405. Defendant argued that it was entitled to costs and fees under the court rule because plaintiff rejected its settlement offer. The circuit court denied defendant's motion.

The relevant portions of MCR 2.405 provide:

> (B) Offer. Until 28 days before trial, a party may serve on the adverse party a written offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued.
>
> *   *   *
>
> (D) Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:
>
> (1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.
>
> *   *   *
>
> (3) The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

MCR 2.405(A)(5) defines adjusted verdict as follows:

> "Adjusted verdict" means the verdict plus interest and costs from the filing of the complaint through the date of the offer.

Defendant argues that the circuit court erred in calculating the interest on the verdict from the filing date of the original complaint, which resulted in an adjusted verdict greater than the

settlement offer. Defendant contends that the proper date from which to compute interest was the date when Knauf Construction, Inc., was actually added as defendant by filing the amended complaint. We disagree.

Under the prejudgment interest statute, MCL 600.6013(6); MSA 27A.6013(6), "interest on a money judgment recovered in a civil action shall be calculated . . . from the date of filing the complaint . . . ." In *Rittenhouse v Erhart*, 424 Mich 166; 380 NW2d 440 (1985), our Supreme Court addressed the issue of when prejudgment interest should commence running against a defendant added at a later date via an amended complaint. There, the Court held that § 6013 refers to the date of filing of the "formal complaint" on the defendant against whom the prejudgment interest is being taxed. *Id.,* p 217. The Court explained:

> Thus, we hold that prejudgment interest commences to accrue, and therefore should be calculated, from the date of the filing of the complaint upon the defendant against whom the judgment has been entered. . . .
>
> We are persuaded that the purposes of the prejudgment interest statute are not furthered by the dissent's argument with respect to this issue, and the relation back of amendments to complaints for other purposes is not analogous. That the Legislature intended plaintiffs to be compensated for periods during which no disputed claim even existed against the judgment debtor strains credulity. Likewise, the laudable purpose of encouraging settlements is not applicable to periods during which no claim existed against the defendant. [*Id.,* p 218.]

See also *Om-El Export Co, Inc v Newcor, Inc,* 154 Mich App 471, 481; 398 NW2d 440 (1986).

We find the rule of *Rittenhouse* inapplicable to

the instant case. In *Rittenhouse*, the defendant found liable for plaintiff's injuries was a third-party company completely unrelated to the defendants named in the original complaint. Furthermore, the defendant-appellant in *Rittenhouse* was added as a defendant almost two years after the filing of the original complaint and apparently had no notice of a disputed claim prior to this time. 424 Mich 173, 218. Unlike *Rittenhouse*, the instant case did not involve the amendment of the complaint to add an additional claim against an unrelated third party, but merely involved the correction of the defendant's name and corporate status on the face of the complaint.

MCR 2.118(D) provides:

> Relation Back of Amendments. Except to demand a trial by jury under MCR 2.508, an amendment relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

An amendment of pleadings under MCR 2.118(D) will generally not relate back to the original filing date for purposes of adding a new principal defendant. *Helmer v Peoples Community Hosp Authority*, 161 Mich App 675, 681; 411 NW2d 823 (1987). However, where the amendment of pleadings is done merely to correct a prior error in naming the proper party to the lawsuit, and the defendants have not been denied notice of the action due to this misnomer, the amendments do relate back to the date of the original pleading. *Stamp v Mill Street Inn*, 152 Mich App 290, 298-300; 393 NW2d 614 (1986); *Francis Martin, Inc v Lomas*, 62 Mich App 706, 708-709; 233 NW2d 702 (1975).

In the instant case, plaintiff's original complaint as filed gave defendant notice of the claim against it even though it erroneously named Mr. Knauf as the defendant rather than his corporation. Plaintiff originally brought suit against Lynn Knauf doing business as Knauf Construction, Inc. It appears that service of process against Mr. Knauf would also serve to put Knauf Construction on notice of plaintiff's claims. MCR 2.105(D). 1 Martin, Dean & Webster, Michigan Court Rules Practice (2d ed), Rule 2.118, comment 6i, p 476, provides:

> In the misnomer cases there should be no problem concerning service of process if the proper defendant was served, but under the wrong name. The controlling provision, however, with respect to the service of process issue is MCR 2.102(C) rather than 2.118(D). MCR 2.102(C) states that the amendment should relate back "unless the court determines that relation back would unfairly prejudice the party against whom process issued." Under ordinary circumstances it would be hard to show prejudice when the proper defendant has been served but has been misnamed. The misnaming may be somewhat confusing, but the fact of service should at least be enough to put the defendant on notice of being sued.

Plaintiff's original complaint gave defendant adequate notice of the nature of plaintiff's claims and the fact that defendant was actually the proper party under these claims. The amendments to the complaint merely changed this misnaming, and did not change the nature of plaintiff's claims in any way. The circuit court did not err in calculating the amount of prejudgment interest from the date of the original complaint.

Affirmed.