Ellen C. JONES, Executrix of the Estate of Dennis M. Jones, Plaintiff,

v.

JACKSON NATIONAL LIFE INSURANCE CO., Defendant and Third–Party Plaintiff,

v.

Terry L. LOTHAMER, Third–Party Defendant.

No. 1:92–CV–135.

United States District Court, W.D. Michigan, S.D.

April 23, 1993.

Henry L. Guikema, Grand Rapids, MI, for plaintiff.

David H. Oermann, Detroit, MI, for defendant.

William S. Farr, Grand Rapids, MI, for third-party defendant.

## MEMORANDUM OPINION AND MONETARY AWARD

McKEAGUE, District Judge.

On March 19, 1993, the Court awarded summary judgment to plaintiff Ellen C. Jones, on her breach of contract claim against defendant Jackson National Life Insurance Company. Plaintiff was thereby adjudged entitled to payment of $500,000 as beneficiary of her husband's life insurance policy. Plaintiff now moves the Court for an order awarding her prejudgment interest and costs.

Defendant has filed no objection to plaintiff's taxed bill of costs. The Court has reviewed the same and, finding the claimed expenses to be reasonable and necessary to the litigation, hereby taxes such costs, in the amount of $1,353.13, to defendant Jackson

National pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920.

■ Plaintiff's request for award of pre-judgment interest is not so simple. The parties agree the matter is governed by Michigan law, but disagree as to how the law applies. Plaintiff contends she is entitled to interest from the date her claim accrued until the date judgment was entered. Jackson National argues interest began to accrue only upon the filing of plaintiff's complaint.

As the Michigan Supreme Court observed in *Old Orchard by the Bay Assoc. v. Hamilton Mutual Ins. Co.*, 434 Mich. 244, 250, 454 N.W.2d 73 (1991), "two statutes potentially govern the award of interest to the prevailing party in any contractual dispute." Under M.C.L. § 600.6013, interest shall be allowed on a money judgment in any civil action and is deemed to have begun accruing on the date the complaint was filed. In an action founded on contract, however, recoverable interest may be deemed to have begun accruing, under M.C.L. § 438.7, whenever "any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court, or by any other mode of assessment according to law."

The parties acknowledge and agree that the latter statute has no application in the instant case because the amount to be paid by Jackson National, though liquidated, was not ascertained by an arbitration award or any other mode of assessment according to law.[1] Plaintiff nonetheless claims entitlement to interest as an *element of compensatory damages* from the date her claim for benefits was originally denied by Jackson National until she filed her complaint.

■ Indeed, Michigan law has long recognized the common law rule that interest may be awarded as an element of damages in a contract or tort action to compensate for the lost use of funds. *Gordon Sel–Way, Inc. v. Spence Bros., Inc.*, 438 Mich. 488, 499, 475 N.W.2d 704 (1991). The award of common law interest as an element of damages is distinct from the award of prejudgment interest derived from statute, but its purpose is the same: to provide full compensation. *Id.*, 438 Mich. at 499, n. 9, 475 N.W.2d 704.

Generally, Michigan courts have included interest as an element of damages as a matter of right where the amount claimed is liquidated. *Banish v. City of Hamtramck*, 9 Mich.App. 381, 395, 399, 157 N.W.2d 445 (1968). See also *Gordon Sel–Way, Inc. v. Spence Bros., Inc.*, 177 Mich.App. 116, 128–30, 440 N.W.2d 907 (1989), *aff'd in part, rev'd in part on other grounds*, 438 Mich. 488, 475 N.W.2d 704 (1991); *Cree Coach Co. v. Wolverine Ins. Co.*, 366 Mich. 449, 461–63, 115 N.W.2d 400 (1962). Here, the principal amount in controversy has been liquidated, fixed by contract, from the outset. Under such circumstances, interest has generally been allowed from the date when the claim accrued or, in other words, "from the date compensation would have been due had it been paid voluntarily." *Currie v. Fiting*, 375 Mich. 440, 454, 134 N.W.2d 611 (1965). See also *Gordon Sel–Way, supra*, 177 Mich.App. at 129–31, 440 N.W.2d 907; *Vannoy v. City of Warren*, 26 Mich.App. 283, 288–89, 182 N.W.2d 65 (1970); *Banish, supra*, 9 Mich. App. at 397–399, 157 N.W.2d 445.

In *Cree Coach Co., supra*, the insurer was required to pay interest from the date liability was initially denied where the amount of the claim was easily ascertainable. 366 Mich. at 462–63, 115 N.W.2d 400. The court

---

1. This understanding is supported by the construction given M.C.L. § 438.7 in *Old Orchard, supra*, 434 Mich. at 255, 454 N.W.2d 73. Other decisions, however, have interpreted this statute as applying also where claimed damages, though not ascertained by an arbitration award or other method of assessment according to law, are liquidated in the sense that they are measurable by a fixed or established external standard or by a standard apparent from the documents upon which the claim is based. *Ramada Dev. Co. v.*

*U.S. Fidelity & Guaranty Co.*, 626 F.2d 517, 525, n. 11 (6th Cir.1980); *Hi–Way Elec. Co. v. Pathman Const. Co.*, 404 F.Supp. 398, 405 (E.D.Mich. 1971). This apparent conflict is of little moment, however, because as explained *infra*, the appropriate pre-filing rate of interest, 5% per annum, is provided by M.C.L. § 438.31, whether entitlement thereto is deemed to proceed from M.C.L. § 438.7 or the common law rule concerning interest as an element of damages.

quoted the following language, equally appropriate here, in explanation of its rationale:

" 'Interest will be allowed on equitable considerations to prevent unjust enrichment even though neither the insured nor the company has consciously acted wrongly....' '[T]o financial institutions (like banks), and to semifinancial institutions (like insurance companies) which derive much of their income from interest or capital gains or investments, money is the means through which income is derived. All the time the defendant insurance companies have been withholding payment they have had the use of the money due to the plaintiffs with the consequent possibility of realizing income therefrom. At the same time plaintiffs have not had the use of the money and have not had the opportunity to derive income from it. Under the circumstances, it would not be fair and just to refuse an allowance of interest to the plaintiffs.' "

366 Mich. at 462–63, 115 N.W.2d 400, quoting *United States v. McDonald Grain & Seed Co.,* 135 F.Supp. 854, 857–58 (D.N.D.1955).

Consistent with the foregoing authorities, the Court concludes that plaintiff, in order to fully compensate her for Jackson National's wrongful denial of life insurance benefits, is entitled to an award of interest from the date Jackson National initially denied her claim, May 23, 1991. From that date until the filing of the complaint on February 22, 1992, plaintiff is entitled to interest at the legal rate of 5% per annum. M.C.L. § 438.31. This is the rate Michigan courts have generally employed when awarding interest under M.C.L. § 438.7. *Gordon Sel–Way, supra,* 438 Mich. at 505, 475 N.W.2d 704. Inasmuch as the purpose and operation of common law interest as an element of damages are, in this context, essentially identical to those of prejudgment interest under M.C.L. § 438.7, the same statutory legal interest rate is properly applied in both instances. See *Deneen v. New England Mutual Life Ins. Co.,* 615 F.2d 396, 399 (6th Cir.1980); *Feiler v. Midway Sales, Inc.,* 363 Mich. 105, 110, 108 N.W.2d 884 (1961).

■ As to the rate of interest applicable from the date the complaint was filed until

the judgment issued, the parties agree that M.C.L. § 600.6013 governs. *Gordon Sel–Way,* 438 Mich. at 508–11, 475 N.W.2d 704. They disagree, however, as to which subsection of the statute applies. If the instant judgment is deemed to have been "rendered on a written instrument," plaintiff is entitled to interest at the rate of 12% per year compounded annually. M.C.L. § 600.6013(5). Otherwise, plaintiff is entitled to a lesser variable rate, as provided in M.C.L. § 600.-6013(6).

Jackson National argues that "written instrument" refers to debt instruments and other negotiable paper bearing an interest rate, not just any written contract. The life insurance policy here enforced is said not to be such a written instrument.

Jackson National may be correct in arguing that not all written contracts are written instruments for purposes of M.C.L. § 600.-6013(5). In all other respects, the argument is unpersuasive. Jackson National cites no clear authority for its proffered restrictive definition of "written instrument." In *Miszewski v. Knauf Const., Inc.,* 183 Mich.App. 312, 454 N.W.2d 253 (1990), the court applied subsection (6) of the prejudgment interest statute, rather than subsection (5), in awarding interest in connection with a judgment in a contract dispute. There is no indication in *Miszewski,* however, whether a written contract was enforced and whether it called for payment of a sum certain. *Miszewski* hardly represents a sufficient basis for departing from the general rule that statutory language is to be given its plain and ordinary meaning. *Miller v. Irwin,* 190 Mich.App. 610, 613, 476 N.W.2d 632 (1991).

■ Where, as here, the judgment rendered has the effect of enforcing a written promise to pay a sum certain, judgment must be deemed to have been rendered on a written instrument. This conclusion is consistent with recognition that "M.C.L. § 600.6013 is a remedial statute which is to be liberally construed to give effect to its intent and purposes." *Gordon Sel–Way, supra,* 438 Mich. at 510, 475 N.W.2d 704. Further, this construction was implicitly ratified in *Associated Indemnity Corp. v. Dow Chemical Co.,* 935

F.2d 800, 806 (6th Cir.1991), affirming the trial court's application of subsection (5) in connection with a judgment enforcing a written promise to pay insurance premiums. Accordingly, the Court concludes that plaintiff is entitled to interest under M.C.L. § 600.-6013(5) at the rate of 12% per year from the date the complaint was filed in this action until judgment issued on March 19, 1993.

Plaintiff is thus entitled to a monetary judgment in the terms she has requested. In accordance with the foregoing memorandum opinion,

**IT IS HEREBY ORDERED** that plaintiff's motion to enter monetary award is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Ellen C. Jones is awarded and defendant Jackson National Life Insurance Company shall pay the amount of $500,000, together with interest from May 24, 1991, to February 22, 1992, at the rate provided by M.C.L. § 438.31 (5% per annum) (equalling $18,-835.62), and interest from February 23, 1992, to March 19, 1993, at the rate provided by M.C.L. § 600.6013(5) (12% per annum) (equalling $67,036,40), for a total award of $585,-872.02, plus costs in the amount of $1,353.13; with interest as provided by 28 U.S.C. § 1961 from March 20, 1993, until the judgment is satisfied.[2,3]

2. The interest included in the award is computed as follows:
   (a) May 24, 1991 to February 22, 1992: 5% per annum × 275 days × $500,000 =    $18,835.62
   (b) February 23, 1992 to February 22, 1993: 12% per annum × 365 days × $518,-835.62 =    $62,260.27
   (c) February 23, 1993 to March 19, 1993: 12% per annum × 25 days × $581,095.89 =    $ 4,776.13
        $85,872.02

3. This award is subject to the stay of enforcement of judgment issued by the Court on April 13, 1993.