Sharon Yvonne HOLLAND, Plaintiff,

v.

**EARL G. GRAVES PUBLISHING CO., INC., Defendant.**

No. CIV. 97–40083.

United States District Court, E.D. Michigan, Southern Division.

Oct. 21, 1998.

_____

for Earl G. Graves Publishing Company, Incorporated, defendant.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF JUDGMENT

GADOLA, District Judge.

On August 19, 1998, plaintiff, Sharon Yvonne Holland, filed a motion for reconsideration of this Court's August 5, 1998 Judgment, awarding plaintiff $54,500, including post-judgment interest to be calculated in accordance with 28 U.S.C. § 1961. The Judgment was issued pursuant to this Court's August 5, 1998 memorandum opinion and order granting plaintiff's renewed motion for summary judgment. Plaintiff directs the Court's attention to Michigan statutory provisions governing the calculation of pre-judgment interest. Specifically, plaintiff requests pre-judgment interest at the rate of 5% from August 24, 1995, the date her damages became liquidated, until February 19, 1997, the date she filed her complaint. Plaintiff also requests pre-judgment interest at the rate of 12% from the date the complaint was filed through the date of judgment. On September 16, 1998, defendant, Earl G. Graves Publishing Co., Inc., filed a response to plaintiff's motion for reconsideration. For the reasons set forth below, this Court will grant plaintiff's motion for reconsideration of judgment.

### Legal Standards

In a diversity case, such as the one presently before the Court, federal law governs the rate of postjudgment interest. *See Bailey v. Chattem, Inc.,* 838 F.2d 149 (6th Cir.1988). However, "questions of prejudgment interest in diversity actions are to be determined under state law." *Diggs v. Pepsi–Cola Metropolitan Bottling Co., Inc.,* 861 F.2d 914, 924 (6th Cir.1988). Therefore, this Court must apply Michigan state substantive law in deciding whether or not to award plaintiff *pre*-judgment interest.

Michigan Compiled Laws Section 600.6013 provides that "[i]nterest shall be allowed on a money judgment recovered in a civil action," and governs the rate of interest to be applied after the filing of the complaint.

Randall J. Gillary, Randall J. Gillary, P.C., Troy, MI, for Sharon Yvonne Holland, plaintiff.

Randolph D. Phifer, Eugene M. Holmes, Patterson, Phifer & Phillips, PC, Detroit, MI,

M.C.L. § 600.6013(1). The statute further provides that

[f]or complaints filed on or after January 1, 1987, if a judgment is rendered on a written instrument, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually, unless the instrument has a higher rate of interest.

M.C.L. § 600.6013(5). The term "written instrument" encompasses written contracts. *See Yaldo v. North Pointe Ins. Co.*, 217 Mich.App. 617, 619–620, 552 N.W.2d 657, *aff'd* 457 Mich. 341, 578 N.W.2d 274 (1998).

■ With respect to interest potentially accruing *before* the filing of the complaint, federal courts applying Michigan law have recognized that "generally, Michigan courts have included interest as an element of damages as a matter of right where the amount claimed is liquidated." *Jones v. Jackson Nat'l Life Ins. Co.*, 819 F.Supp. 1382, 1383 (W.D.Mich.1993)(*citing Banish v. City of Hamtramck*, 9 Mich.App. 381, 385, 157 N.W.2d 445 (1968)). A claim for damages is defined as being "liquidated" where, as in the case at bar, "the amount thereof is fixed, has been agreed upon, or is capable of ascertainment by mathematical computation or operation of law." *Robinson v. Loyola Foundation, Inc.*, 236 So.2d 154, 157 (Fla.App.1970)(citing cases). As the *Jones* court stated, in cases where the amount claimed is liquidated, "interest has generally been allowed from the date when the claim accrued or in other words, 'from the date compensation would have been due had it been paid voluntarily.'" 819 F.Supp. at 1383 (*quoting Currie v. Fiting*, 375 Mich. 440, 454, 134 N.W.2d 611 (1965)).

### Analysis

■ Plaintiff argues that Michigan statutory and common law entitle her to an award of pre-judgment interest. Defendant in its response does not address plaintiff's claim of entitlement to interest accruing *post*-complaint and prior to judgement. Defendant attacks only plaintiff's claim for *pre*-complaint interest. *See* Defendant's Response to Plaintiff's Motion for Reconsideration of

Judgment, pp. 2–4. Therefore, pursuant to Michigan Compiled Laws Section 600.6013(5), and since the issue is uncontested, this Court will award plaintiff interest payments calculated at the rate of 12%, from the date of the filing the complaint, on February 19, 1997, until the date of judgment, August 5, 1998. *See* M.C.L. § 600.6013(5).

■ The only remaining issue is whether plaintiff is entitled to pre-complaint interest. This question is not directly addressed by Michigan statutory law. However, Michigan Compiled Laws Section 438.7 governs the award of interest, and provides, in pertinent part, as follows:

[i]n all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court, or by any other mode of assessment according to law, it shall be lawful...to allow and receive interest upon such amount....

M.C.L. § 438.7. Courts interpreting this statutory provision have held that Section 438.7 makes the allowance or disallowance of interest a matter within the court's discretion. *Cataldo v. Winshall, Inc.*, 3 Mich.App. 290, 295, 142 N.W.2d 28 (1966); *see also Militzer v. Kal–Die Casting Corp.*, 41 Mich.App. 492, 200 N.W.2d 323 (1972); *Feiler v. Midway Sales, Inc.*, 363 Mich. 105, 108 N.W.2d 884 (1961).

Defendant argues that plaintiff failed to mitigate her damages by filing the complaint more than two years after her claim had accrued. Thus, according to defendant, Ms. Holland may not recover any interest accruing before the complaint was filed. The Court is not persuaded by this argument. To determine this issue it is necessary to examine the precise time frame of events. Plaintiff's claim first accrued on August 24, 1995, the date when Ms. Holland was paid by electronic deposit her year-end compensation for the 1994–1995 fiscal year. *See* Memorandum Opinion and Order Granting Plaintiff's Renewed Motion for Summary Judgment, p. 6. Approximately one year thereafter, in Au-

gust 1996, plaintiff resigned from defendant corporation after securing employment with GM. *See id.* On February 19, 1997, plaintiff filed her complaint.[1] Therefore, defendant's estimation that plaintiff waited two years to file her complaint is an overstatement.[2] In actuality, Ms. Holland filed her complaint approximately one year and six months after the accrual of her claim on August 24, 1995, and, more to the point, less than six months after leaving defendant's employ. Defendant has failed to show that Ms. Holland's delay was so egregious as to preclude her from receiving pre-complaint interest.

■ This Court may, in its discretion, award plaintiff pre-complaint interest. As the *Jones* court held, Michigan courts have included interest as an element of damages as "a matter of right," so long as the amount claimed is liquidated. *See Jones,* 819 F.Supp. at 1383. In the instant case, Ms. Holland's claim was certainly "liquidated" at the time her claim accrued because the amount had been fixed by operation of the terms of her employment contract. *See Robinson v. Loyola Foundation, Inc.,* 236 So.2d 154, 157 (Fla.App.1970). Ms. Holland is therefore entitled to receive interest " 'from the date compensation would have been due had it been paid voluntarily.' " *Jones,* 819 F.Supp. at 1383 (*quoting Currie v. Fiting,* 375 Mich. 440, 454, 134 N.W.2d 611 (1965)). That date was August 24, 1995, when plaintiff was paid her year-end compensation for the 1994–1995 fiscal year. Michigan courts have determined that the appropriate pre-filing rate of interest is 5% per annum. *See Feiler v. Midway Sales, Inc.,* 363 Mich. 105, 108 N.W.2d 884 (1961); *see also Jones,* 819 F.Supp. at 1383 n. 1. This percentage is determined by Michigan statute. *See* M.C.L. § 438.31.

In light of the foregoing, this Court will award plaintiff, Sharon Yvonne Holland,

prejudgment interest as an element of her damages so that Ms. Holland can be fully compensated for defendant's breach of her employment contract. Specifically, Ms. Holland is entitled to pre-complaint interest calculated at the rate of 5% for the period beginning on August 24, 1995, the date when plaintiff's claim first accrued, until February 19, 1997, the date she filed her complaint. In addition, Ms. Holland is entitled to post-complaint/pre-judgment interest at the rate of 12%, for the period after the filing of the complaint until the date of judgment, August 5, 1998.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff is entitled to pre-complaint interest calculated at the rate of 5% for the period beginning on August 24, 1995, the date when plaintiff's claim first accrued, until February 19, 1997, the date plaintiff filed her complaint.

**IT IS FURTHER ORDERED** that plaintiff is entitled to post-complaint/pre-judgment interest at the rate of 12%, for the period after the filing of the complaint until the date of judgment, August 5, 1998.

**SO ORDERED.**

---

1. The complaint was originally filed in state court on February 19, 1997. Defendant subsequently removed the case to this Court by filing a notice of removal on April 9, 1997.

2. It is also noteworthy that plaintiff filed the instant action well within the six year statute of limitations. for bringing a breach of contract claim under Michigan law. *See* M.C.L.

§ 600.5807(9). In addition, defendant's argument that it was not apprised of plaintiff's allegations until after the filing of the complaint is suspect. This Court has already recognized that plaintiff expressed her dismay to Mr. Graves himself upon first learning of the quota increase and concomitant decrease in her year-end bonus. *See* Memorandum Opinion and Order Granting Plaintiff's Renewed Motion for Summary Judgment, pp. 5–6.