**TREEV, INCORPORATED, Plaintiff–
Appellee (00–1434) Cross–
Appellant (00–1451),**

v.

**MSX INTERNATIONAL, Defendant–
Appellant (00–1434) Cross–
Appellee (00–1451).**

Nos. 00–1434, 00–1451.

United States Court of Appeals,
Sixth Circuit.

May 10, 2002.

Before SILER and BATCHELDER,
Circuit Judges; and HOOD,* District
Judge.

BATCHELDER, Circuit Judge.

Defendant MSX International ("MSX")
appeals the judgment entered in favor of
the plaintiff in this diversity breach of
contract action; MSX appeals as well the
district court's denial of its motion for a
new trial and motion for remittitur. Plain-

---

* The Honorable Joseph M. Hood, United States
District Judge, Eastern District of Kentucky,
sitting by designation.

tiff Treev, Incorporated ("Treev") cross-appeals the district court's order denying Treev's motion for pre-complaint interest. Finding that the jury's verdict was adequately supported by the evidence and was not excessive, and that the record reveals no reversible error, we will affirm the judgment in its entirety.

Treev designs and sells computer software. In 1996, MSX, an affiliate of Ford Motor Company, entered into an agreement with a company called Uniscan, a licensed reseller of Treev's products, to license to MSX software called the Object Manager Server Software. This software was designed to work with a web-based system that enabled users of the system to find and retrieve Ford engineering drawings. MSX ultimately purchased two Object Manager Server Software packages, or "servers." The price for the software was tied to the number of "concurrent users" per server.

Ultimately, MSX refused to pay Treev (which was by then the assignee of Uniscan's claims against MSX) at the rate Treev claimed the licensing agreement required, disputing Treev's definition of "concurrent user" and Treev's method of counting the number of concurrent users. Treev made several attempts to persuade MSX to pay, each time offering to settle at a lower figure, and when these efforts proved fruitless, Treev filed this action for breach of contract, fraud and unjust enrichment.

The case went to trial and at the close of Treev's case, MSX moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The district court granted the motion with respect to the fraud claim and the parties stipulated to the dismissal of the claim for unjust enrichment. The court delayed ruling on the breach of contract claim, but denied the motion with respect to that claim at the conclusion of all of the proofs. The case went to the jury, which returned a verdict in favor of Treev for the entire amount Treev demanded. MSX then filed a motion renewing its demand for judgment as a matter of law and, in the alternative, asking for a new trial or for remittitur. The trial court denied this relief as well. Treev moved for pre-complaint interest, which the trial court also denied. This timely appeal and cross-appeal followed.

MSX argues on appeal that the district court erred in denying the motion for judgment as a matter of law. According to MSX, the contract's terms were ambiguous with regard to how "concurrent users" were to be defined and counted, and the evidence established that MSX's interpretation of these terms was the correct interpretation. In any event, MSX argues, these ambiguous terms must be interpreted against Treev, the drafter of the contract. MSX further argues that the district court erred in denying the motion for a new trial; again, MSX argues that the verdict was against the manifest weight of the evidence because the evidence established that Treev's interpretation of the contract was entirely contradicted by the parties' negotiations and the course of performance between the parties after they entered into the contract. The trial court erred in denying the motion for remittitur, MSX claims, because Treev cannot claim damages greater than the lowest amount which Treev offered to accept prior to filing this action, and the jury's verdict, which greatly exceeded that amount, is therefore excessive. Finally, MSX claims that the trial court erred in responding to a question from the jury with regard to the specific amount that Treev was demanding, and erred in denying the motion for a new trial on account of allegedly

improper comments made by Treev's counsel during closing argument.

"[W]hen sitting in diversity, ·we review denial of a Rule 50 motion using the same standards applicable under the law of the forum state." *K & T Enters., Inc. v. Zurich Ins. Co.,* 97 F.3d 171, 176 (6th Cir. 1996). Hence, we must look to the law of Michigan where "[a] directed verdict is appropriate only when a case presents no factual dispute on which reasonable minds could differ." *Miller v. Alldata Corp.,* 14 Fed.Appx. 457 (6th Cir.2001) (citing *Meagher v. Wayne State Univ.,* 222 Mich. App. 700, 565 N.W.2d 401, 409 (1997)). We must consider the evidence in the light most favorable to Treev, the nonmoving party, and make all reasonable inferences in favor of Treev as well. *Meagher,* 565 N.W.2d at 409.

■ MSX relies heavily on trial testimony of Will Sellenraad, a marketing person from Uniscan. MSX admits, however, that Sellenraad's testimony was "conflicting." Furthermore, testimony of MSX's own engineer supported some of Treev's interpretations, and there was documentary evidence admitted at trial that further supported Treev's position. The district court found that there was ample evidence in the record to support the jury's verdict. We agree. And we note that any ambiguity in this contract was a question of fact for the jury to decide. *See Brucker v. McKinlay Transp., Inc.,* 225 Mich.App. 442, 571 N.W.2d 548, 550 (1997). We think the jury had ample evidence from which it could–and obviously did–conclude that the contract's terms meant what Treev said they did. We find no error in the denial of the motion for judgment as a matter of law.

Nor did the district court err in denying the motion for a new trial. We review for abuse of discretion the denial of a motion for a new trial. *See Meyers v. Wal–Mart Stores, East, Inc.,* 257 F.3d 625, 631 (6th

Cir.2001). MSX first claims that a new trial was warranted because the verdict was against the great weight of the evidence. As we have already determined, however, the court did not err in concluding that the jury's verdict in favor of Treev was supported by the evidence. It cannot then be against the great weight of the evidence. *See Moore v. KUKA Welding Sys.,* 171 F.3d 1073, 1082 (6th Cir.1999) (affirming the denial of a new-trial motion based on great-weight-of-evidence argument because the panel had already concluded that the verdict was supported by sufficient evidence).

■ MSX next asserts that a new trial should have been granted because the verdict was excessive. As the First Circuit has observed, the standard of review for such a claim is "daunting." *Vera–Lozano v. Int'l Broadcasting,* 50 F.3d 67, 71 (1st Cir.1995). The evidence at trial included the proposal, the agreement and the invoice for the software, as well as evidence supporting the number of concurrent users on which Treev calculated the fees owed by MSX. The jury also heard the deposition testimony of Uniscan employee Blackburn, that MSX was billed $811,924 in the initial stages of the dispute that led to the lawsuit. There was, as the district court held, sufficient evidence to support the jury's verdict in the amount of $811,924. *See Farber v. Massillon Bd. of Ed.,* 917 F.2d 1391, 1395 (6th Cir.1990) (holding that if there is any credible evidence to support a jury's award, it should not be set aside). The district court did not abuse its discretion in denying the motion for new trial on grounds that the award of damages was excessive.

MSX claims that a new trial should have been granted because the district court erred in answering the jury's question about the amount Treev was seeking in damages and because Treev's counsel engaged in misconduct in closing argument.

These claims are wholly without merit. The district court's response to the jury's question is entirely consistent with the evidence presented to the jury. And the statement complained of in closing argument, while perhaps not well-advised, was isolated and entirely cured by the trial judge's instruction to the jury that counsel's comments are not evidence.

Finally, for the same reasons that we find no error in the district court's denial of the motion for a new trial on grounds of an excessive damages award, we hold that the district court did not err in denying the motion for a remittitur. Where the amount of the judgment is supported by the evidence, it cannot meet the requirements for a remittitur, *i.e.*, that it is beyond the range of damages supportable by the proof introduced at trial, or is so excessive as to shock the conscience, or is the result of mistake. *See Slayton v. Ohio Dept. of Youth Servs.*, 206 F.3d 669, 679 (6th Cir.2000). MSX cites us to no authority in support of its claim that Treev must be limited to damages consistent with the lowest amount it offered to accept prior to filing this lawsuit, and, not surprisingly, we have found none. This assignment of error is also without merit.

■ Turning to the cross-appeal, we review for abuse of discretion the district court's denial of Treev's motion for pre-complaint interest. *Woodland Paving Co., L.L.C. v. Ledford*, 2000 WL 33426709, at *5 (Mich.Ct.App. Apr.21, 2000) ("Whether to award precomplaint interest as an element of damages is a discretionary decision to be made by the trier of fact."). The most important factor in determining whether to award such interest is whether it is necessary to allow full compensation. *See Gordon Sel–Way, Inc. v. Spence Bros., Inc.*, 438 Mich. 488, 475 N.W.2d 704, 711 (Mich. 1991). The district court determined that the award of $938,653.75 fully compensated Treev. For us to hold that the district judge abused his discretion, we would have to hold that this finding of fact clearly erroneous. We would be hard-pressed to say that; the district judge's conclusion does not strike us with "the force of a five-week-old, unrefrigerated dead fish." *United States v. Perry*, 908 F.2d 56, 58 (6th Cir.1990).

There are some cases, however, which indicate that an award of pre-complaint interest is a matter of right when the amount claimed in damages is liquidated. *See Holland v. Earl G. Graves Pub. Co.*, 33 F.Supp.2d 581, 583 (E.D.Mich.1998) ("With respect to interest potentially accruing *before* the filing of the complaint, federal courts applying Michigan law have recognized that 'generally, Michigan courts have included interest as an element of damages as a matter of right where the amount claimed is liquidated.' ") (citing *Jones v. Jackson Nat'l Life Ins. Co.*, 819 F.Supp. 1382, 1383 (W.D.Mich.1993); *Banish v. City of Hamtramck*, 9 Mich.App. 381, 157 N.W.2d 445, 451 (1968)). Treev says its claim was liquidated. Whether Treev is correct we need not decide, because other Michigan decisions indicate that pre-complaint interest is something for the trier of fact–in this case, the jury–to award. *See Capital Mortgage Corp. v. Coopers & Lybrand*, 142 Mich.App. 531, 369 N.W.2d 922, 924–25 (1985) ("Interest from the date of injury to the date of filing the complaint is an award that is within the purview of the jury.") (citations omitted). But, as MSX correctly points out, Treev did not ask for and the jury was not instructed on pre-complaint interest. We find no abuse of discretion here.

For the foregoing reasons, we AFFIRM in all respects the judgment of the district court.