Ronald L. ROBINSON, III
and Deborah Robinson,
Plaintiffs–Appellants,

v.

R.J. REYNOLDS TOBACCO
COMPANY,

and

Don Knoll, Defendants–Appellees.

No. 02–1809.

United States Court of Appeals,
Sixth Circuit.

Jan. 8, 2004.

William N. Evans, Evans, Pletkovic & Rhodes, Huntington Woods, MI, for Plaintiffs–Appellants.

William L. Hooth, William H. Horton, Cox, Hodgman & Giarmarco, Troy, MI, for Defendants–Appellees.

Before SILER and COOK, Circuit Judges; and BERTELSMAN, District Judge.[*]

PER CURIAM.

Plaintiffs Ronald L. Robinson, III ("Robinson") and Deborah Robinson, husband and wife, appeal the district court's judgment in favor of Defendants R.J. Reynolds Tobacco Company ("RJR") and Don Knoll on Robinson's racial discrimination claim. We **AFFIRM.**

## BACKGROUND

Robinson, an African–American, began working as a sales representative for RJR in 1972 after he was hired by Bill James, the African–American division manager for RJR's Central Detroit Division. James reported to a regional manager and, in 1988, Knoll became the regional manager. From 1972 through 1983, the Central Division had both Caucasian and African–American representatives. In 1985, James Green, an African–American, was promoted to Central Division manager. Like James, Green made all hiring decisions. From 1984 through the first half of 1990 the Central Division was staffed solely by African–American representatives.

In 1991, the Central Division was realigned to include African–American and Caucasian representatives. In 1993, RJR eliminated the Central Division but Robinson serviced the same territory. Although Robinson's territory was expanded to include some of a suburban assignment, Knoll maintained that Robinson did not want the expansion. Robinson alleged that his sales territories were confined to urban areas while Caucasians serviced suburban territories and that Knoll thwarted the advancements of African–American employees by making it more difficult for them to achieve promotions. Robinson resigned in 1996 and brought suit against RJR and Knoll.

During the jury trial, the district court granted RJR's peremptory challenge of an African–American juror, refused Robinson's request to treat one of his witnesses as adverse, and denied his motion for judgment as a matter of law. During jury deliberations, the district court excused another African–American juror for cause. The jury returned a verdict in RJR's favor. Robinson's post-trial motions for a new trial and for amendment of judgment were denied.

## DISCUSSION

Robinson brought his racial discrimination claim pursuant to the Elliott–Larsen Civil Rights Act, Michigan Compiled Laws Annotated § 37.2202 *et seq.*, which prohibits an employer from limiting or segregating an employee from an employment opportunity because of race. Robinson argues that he was discriminated against since the Central Division was entirely African–American throughout his career and he was denied promotion to a managerial position. Almost all of Robin-

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

son's claims and evidence were disputed by RJR. For instance, although Robinson presented evidence that the Central Division's representatives were all African–American from 1984 through 1991, RJR provided testimony that this was due to the hiring selections of the division managers. Knoll testified that Robinson had never been considered for a promotion, denied that he ever requested a promotion, and promotion was based solely upon performance.

█ The jury's verdict was not against the clear weight of the evidence, as it was reasonably reached. *See Morales v. American Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir.1998). The district court did not abuse its discretion in denying Robinson's Fed.R.Civ.P. 59(a) motion for a new trial, *Greenwell v. Boatwright*, 184 F.3d 492, 499 (6th Cir.1999), or his Rule 59(e) motion to amend judgment. *Jaami v. Compton*, 182 F.3d 917, 1999 WL 455374, *2 (6th Cir.1999) (table).

Robinson next claims that the district court erred in denying his Rule 50(a) motion because RJR's policy of permitting the division managers to make all hiring selections disparately impacted African–Americans. Disparate impact employment discrimination "results from facially neutral employment practices that have a disproportionately negative effect on certain protected groups and which cannot be justified by business necessity." *Huguley v. Gen. Motors Corp.*, 52 F.3d 1364, 1370 (6th Cir.1995).

█ Because there was a trial on the merits, we need only focus on the ultimate question of discrimination and not the elements of a prima facie case. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 821 (6th Cir.2000). When asked if there was a business necessity in having an all-African-American division, Paul Macksood, the employment practices manager for RJR, responded that "[a]ssuming we hired the

most qualified people when we made the hiring decision, if that was the result, then you need to retain your best people." Green testified that he always hired the best candidate for each representative position. RJR's business necessity constitutes a factual dispute upon which reasonable minds could differ. *See Eastland Partners Ltd. Partners v. Village Green Mgmt. Co. (In re Brown)*, 342 F.3d 620, 626–27 (6th Cir.2003). Robinson failed to present any rebuttal evidence. As we consider RJR's business necessity in the light most favorable to it, make all reasonable inferences in its favor, and because the jury was instructed on disparate impact discrimination, the district court did not abuse its discretion in denying Robinson's motion for judgment as a matter of law. *See Treev, Inc. v. MSX Int'l*, 34 Fed.Appx. 219, 221, 2002 WL 987908, *2 (6th Cir. May 10, 2002).

Robinson also alleges that he was deprived of a fair and impartial jury trial because the only potential African–Americans jurors were removed by a peremptory challenge and an excusal. The district court granted RJR's peremptory challenge of juror Thompson–Marsh because she worked in the health care industry. Robinson asserts that RJR's reason was pretextual and that the district court did not inquire into any circumstantial or direct evidence of discriminatory intent. Pursuant to *Batson v. Kentucky*, 476 U.S. 79, 86–87, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), a peremptory challenge cannot be used to exclude an individual from the jury premised solely upon race. This principle was extended to civil matters in *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 631, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). Robinson must first prove a prima facie case of racial discrimination. *McCurdy v. Montgomery County*, 240 F.3d 512, 521 (6th Cir.2001). If he does, RJR must present a race-neutral explanation. *Lancaster v. Adams*, 324 F.3d 423, 432 (6th

Cir.2003). "This non-racial explanation 'need not be particularly persuasive, or even plausible, so long as it is neutral.'" *McCurdy,* 240 F.3d at 521 (quoting *United States v. Harris,* 192 F.3d 580, 586 (6th Cir.1999)). The district court must presume that RJR's explanation is true. *Lancaster,* 324 F.3d at 433. Robinson must then show that the explanation is merely a pretext for a racial motivation. *McCurdy,* 240 F.3d at 521. As the district court's decision on a peremptory challenge is entitled to great deference, we apply a clearly erroneous standard of review. *See Roberts v. Galen of Virginia, Inc.,* 325 F.3d 776, 780 (6th Cir.2003).

■ Because the district court ruled upon RJR's race-neutral explanation, the issue of whether Robinson established a prima facie case was mooted. *Id.* at 780. Accordingly, the question became whether Robinson demonstrated that RJR's peremptory strike was intentionally discriminatory. *Id.* at 780. He did not. Although the district court's application of the *Batson* test was less than ideal, there was no clear error. *See Paschal v. Flagstar Bank,* 295 F.3d 565, 576 (6th Cir.2002). RJR presented a plausible, race-neutral reason and Robinson failed to put forth any evidence contesting it. *See Roberts,* 325 F.3d at 781.

Robinson further argues that the district court erred in excusing juror Deborah Thompson during deliberations. A district court "may for good cause excuse a juror from service during trial or deliberation." Fed.R.Civ.P. 47(c). Sickness constitutes good cause for excusal. Fed.R.Civ.P. 47(c) advisory committee's note (1991 amendment). There was no abuse of discretion in excusing Thompson due to her mental health concerns. *See Bhat v. Univ. of Cincinnati,* 23 Fed.Appx. 280, 289, 2001 WL 1216975, *8 (6th Cir. Oct. 3, 2001).

■ Robinson lastly argues that the district court erred in prohibiting his use of leading questions during Kevin Eichelberger's cross-examination, a former RJR employee. While Federal Rule of Evidence 611(c) provides that an adverse witness may be interrogated by leading questions, "the rule does not give the calling party an absolute right to ask leading questions even when the witness is identified with an adverse party." *Gates v. City of Memphis,* 210 F.3d 371, 2000 WL 377343, *2 (6th Cir.2000) (table). The district court must exercise its considerable discretion so as not to offend Rule 611(c). *Id.* at *2. Eichelberger and Robinson were not adverse parties because Eichelberger had previously lodged a racial discrimination lawsuit against RJR in which he was represented by Robinson's counsel. There was no abuse of discretion. *See Woods v. Lecureux* 110 F.3d 1215, 1221–22 (6th Cir. 1997).

**AFFIRMED.**